■ AFSCME, New York Council 66, AFL-CIO, on Behalf of Its Affiliated Local 182, Appellant, v County of Niagara, Respondent. — Judgment unanimously affirmed, without costs, for reasons stated in memorandum decision at Special Term, Joslin, J. (Appeal from judgment of Supreme Court, Erie County, Joslin, J. — art 78.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.

■ William Julian, Respondent, v Old Republic Insurance Company, Appellant. — Order unanimously reversed, with costs, and application denied. Memorandum: Petitioner sustained burns resulting from a fireworks explosion while unloading a truck. No-fault benefits were denied to petitioner by the insurance company upon the ground that petitioner was not an "eligible insured person" because his injuries did not arise out of the use or operation of a motor vehicle. Petitioner sought arbitration pursuant to section 675 of the Insurance Law and the arbitrator awarded no-fault benefits upon the ground that the accident arose out of the inherent nature of the vehicle and that it was being unloaded at the time of injury. The master arbitrator vacated the award because he found, as a matter of law, that the truck was not the inherent cause of petitioner's injuries (see *Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Gholson],* 71 AD2d 1004, 1005). Special Term erred in vacating the master arbitrator's decision. The record reveals that the master arbitrator did not exceed the proper scope of his review by passing on factual or procedural questions. The master arbitrator neither weighed the evidence, nor resolved issues of credibility. Rather, he properly limited his review to questioning the arbitrator's award as a matter of law (see *Matter of Smith [Fireman's Ins. Co.]* 55 NY2d 224; *Matter of Petrofsky [Allstate Ins. Co.],* 54 NY2d 207). (Appeal from order of Supreme Court, Erie County, Marshall, J. — vacate arbitrator's award.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.