■ AFSCME, NEW YORK COUNCIL 66, AFL-CIO, on Behalf of its Affiliated Local 1205, Appellant, v CITY OF LACKAWANNA et al., Respondents. — Judgment unanimously reversed, without costs, motion denied and petition reinstated. Memorandum: Petitioner, the bargaining representative for the employees of the City of Lackawanna Department of Public Works (DPW), commenced this CPLR article 78 proceeding to enjoin respondents from assigning certain home relief recipients to jobs traditionally held by regular City employees in violation of section 164 (subd 2, par [b]) of the Social Services Law (see, also, 18 NYCRR 385.10 [e] [2]). Special Term granted respondents' motion for summary judgment because, in its view, the petitioner's pleadings failed to demonstrate "that respondents have dismissed or laid off a DPW bargaining unit employee to make room for a Workfare employee", citing *AFSCME, N. Y. Council 66 v County of Niagara* (98 AD2d 970). ¶ In the *County of Niagara* case, we affirmed Special Term's dismissal of the petition because the pleadings indicated that the reason petitioner was terminated had no causal connection to the county's work relief program. In the instant case, however, the allegations relate to a general layoff involving at least 26 employees who previously performed essential services which are now being performed by home relief recipients. The petition incorporates affidavits from nine DPW employees who allege that the City improperly assigned home relief recipients to perform work ordinarily and actually performed by bargaining unit employees. These allegations raise triable issues of fact which preclude the granting of summary judgment (see CPLR 3212, subd [b]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068; cf. *Zuckerman v City of New York*, 49 NY2d 557). (Appeal from judgment of Supreme Court, Erie County, Broughton, J. — art 78.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Schnepp, JJ.