■ CHRIS COSTANTAKOS, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent. — In an action to declare part c of by-law 491 of defendant New York City Board of Education unconstitutional under the equal protection clause of the United States Constitution, plaintiff appeals from a judgment of the Supreme Court, Kings County (Jordan, J.), dated June 24, 1983, which granted defendant's motion for summary judgment and dismissed the complaint.

Order reversed, without costs or disbursements, defendant's motion denied, complaint reinstated, and matter remitted to Special Term for further proceedings in accordance herewith.

Special Term erred in dismissing plaintiff's complaint as time barred. A declaratory judgment action is generally governed by a six-year Statute of Limitations period (CPLR 213, subd 1). However, where such action could have been brought as a proceeding pursuant to CPLR article 78, a four-month limitations period applies (CPLR 217; *Solnick v Whalen,* 49 NY2d 224).

Contrary to Special Term's finding, a proceeding pursuant to CPLR article 78 was not the proper alternate form of judicial proceeding open to plaintiff. Such proceeding is not available to challenge a "legislative" act (see *Solnick v Whalen, supra; Press v County of Monroe,* 50 NY2d 695). The issue in the instant case involves the constitutionality of part c of defendant's by-law 491 which does not include music teaching in its list of nonteaching experience deserving of salary credit. Defendant's denial of plaintiff's request for salary credit on the basis of this by-law is a "legislative" act. This label applies where, as here, the dispute centers upon a rule of general applicability rather than an *ad hoc* determination of an individual party's particular rights (*Solnick v Whalen, supra,* pp 231-232). Therefore, as plaintiff's case could not have been brought as an article 78 proceeding, the six-year rather than four-month limitations period applies, rendering the action timely.

Finally, we note that sufficient basis in the record did not exist for Special Term's conclusion that the by-law classification was rationally based and therefore not violative of the equal protection clause. Upon remittitur, a full adjudication of the merits is required. Mangano, J. P., Gibbons, O'Connor and Brown, JJ., concur.