■ In the Matter of the Arbitration between WALTER OW-ENS, Respondent, and NORTHWESTERN NATIONAL INSURANCE COMPANY, Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court at Special Term (Zeller, J.), entered October 23, 1984 in Chenango County, which, *inter alia,* granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award of a master arbitrator and to reinstate the award of an expedited arbitrator.

The parties have stipulated to the facts. On December 14, 1981, petitioner, a truckdriver, drove his employer's truck to a grocery store to pick up a 300-pound barrel of waste. While attempting to roll the barrel from the store's loading dock onto the truck, the barrel slipped, fell to the ground and injured petitioner. Respondent, the employer's no-fault liability insurer, made some benefit payments but eventually disclaimed coverage on the ground that the "injury did not arise out of the use or operation of a vehicle". After petitioner prevailed in expedited arbitration, the master arbitrator applied the test outlined in *Matter of Manhattan & Bronx Surface Tr. Operating Auth. (Gholson)* (71 AD2d 1004, 1005) and reversed. Pursuant to CPLR 7511, petitioner then sought to have the master arbitrator's decision vacated and the expedited arbitrator's decision reinstated. Special Term found that the master arbitrator had impermissibly exceeded his authority by engaging in a factual review and granted the petition. Respondent appeals.

A master arbitrator is empowered to vacate an award rendered in expedited arbitration for the reason, among others, that the award was incorrect as a matter of law, but not of fact (11 NYCRR 65.17 [a] [4]; *see, Matter of Petrofsky [Allstate Ins. Co.],* 54 NY2d 207). This bars the master arbitrator from weighing evidence, resolving issues such as the credibility of witnesses or making independent findings of fact *(Matter of Smith [Firemen's Ins. Co.]* 55 NY2d 224, 232; *Matter of Petrofsky [Allstate Ins. Co.], supra).* On the other hand, applying the law to a given set of facts is well within the province of the master arbitrator, even if his conclusion differs from that of the arbitrator *(Matter of Smith [Firemen's Ins. Co.], supra,* pp 231-232; *Julian v Old Republic Ins. Co.,* 98 AD2d 970). Here, as in *Julian,* which appears to be indistinguishable and where application of the *Gholson* test by the master arbitrator was approved, the undisputed facts leave at issue only whether, as a matter of law, petitioner was engaged in the use or operation of the truck when attempting to load the barrel. Resolution of that question is within the master arbitrator's powers of review, and his decision must be confirmed unless it is irrational *(Matter of Smith [Firemen's Ins. Co.] supra,* p 232). The master arbitrator concluded that petitioner's injury did not derive from the inherent use of the truck. Although, as demonstrated by Special Term, that determination is indeed debatable, it is, nevertheless, rational.

Remittal is, however, in order. Petitioner's assertion that the insurer's delay in denying liability violated Insurance Law

§ 3420 (d) and constituted laches has yet to be confronted and resolved. The question of the reasonableness of the delay is generally one of fact (see, Allstate Ins. Co. v Gross, 27 NY2d 263, 270) and, given that respondent advances a plausible excuse for the delay, merits attention. As this issue was not developed in the arbitration proceedings, we are unable to address it.

Order reversed, on the law and the facts, without costs, and matter remitted for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.