■ WILLIAM M. WALTON, Appellant, v LUMBERMENS MUTUAL CASUALTY COMPANY, Respondent. [630 NYS2d 150] —Mercure, J. Appeal from an order of the Supreme Court (Keegan, J.), entered October 13, 1994 in Albany County, which, *inter alia*, granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff is employed by Crowley Foods, Inc. as a tractor-trailer driver. On January 2, 1993, plaintiff made a delivery of Crowley products to a Grand Union store in the Town of Niskayuna, Schenectady County. He was in the process of unloading his delivery truck when a levelator (a device, incorporated in the loading dock, used to lower goods from the level of the trailer to the level of the loading dock) collapsed, causing plaintiff to sustain personal injuries. Plaintiff filed a claim for first-party no-fault insurance benefits with defendant Crowley's motor vehicle insurance carrier. On June 3, 1993, defendant denied the claim upon the grounds that the insured vehicle was not the "actual instrument which caused the injury to [plaintiff]", that the accident did not "arise out of the inherent nature of the truck" and that "the truck did not contribute to cause a condition which resulted in the injury to [plaintiff]", prompting plaintiff to bring this action for damages allegedly resulting from defendant's refusal to pay the benefits. Follow-

ing joinder of issue, plaintiff moved and defendant cross-moved for summary judgment. Supreme Court granted the cross motion and dismissed the complaint (162 Misc 2d 560). Plaintiff appeals.

We affirm. Initially, we agree with Supreme Court that plaintiff has not established his entitlement to first-party no-fault benefits. Because plaintiff sustained his injuries while unloading the truck, an activity specifically included within the policy's mandatory definition of "use or operation of a motor vehicle" (see, 11 NYCRR 65.12 [e]), it cannot be seriously contended that plaintiff was not engaged in the "use" of a motor vehicle at the time. That is not to say, however, that plaintiff's injuries *arose out of* that use (see, Insurance Law § 5103 [a] [1]) or, stated another way, that plaintiff's use of a motor vehicle was a proximate cause of his injuries (see, *Matter of Pierce [Utica Mut. Ins. Co.]*, 110 AD2d 1023, 1024; *Horney v Tisyl Taxi Corp.*, 93 AD2d 291, 293-294). We agree with the Second Department that "first-party no-fault insurance benefits are available only when a motor vehicle, by its use or operation, is the actual instrumentality which produces the injuries" (*Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Gholson]*, 71 AD2d 1004, 1005; *see, Matter of New York Cent. Mut. Fire Ins. Co. [Hayden]*, 209 AD2d 927; *Matter of Owens [Northwestern Natl. Ins. Co.]*, 116 AD2d 784; *Julian v Old Republic Ins. Co.*, 98 AD2d 970; *Lumbermen's Mut. Cas. Co. v Logan*, 88 AD2d 971; *but see, Kessler v Liberty Mut. Ins. Co.*, 158 AD2d 974). On this record, there is no basis for a finding that any motor vehicle produced plaintiff's injuries. To the contrary, the uncontradicted evidence submitted on the motion and cross motion is that plaintiff's injuries were proximately caused by the failure of the levelator.

As a final matter, because the policy issued by defendant, as written, "could not have covered the liability in question under any circumstances" (*Zappone v Home Ins. Co.*, 55 NY2d 131, 134), defendant's avowed delay in denying first-party no-fault benefits is unavailing to plaintiff (see, supra).

Cardona, P. J., Mikoll, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.