(August 31, 2000)

■ HELEN BUTLER et al., Respondents, v BRIAN J. WING et al., Appellants. [713 NYS2d 33] —Order and judgment (one paper), Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered August 13, 1998, which, *inter alia*, granted plaintiffs' motion for class certification, denied defendants' cross-motion for summary judgment on their second affirmative defense that the complaint, pursuant to CPLR 217, is barred by the Statute of Limitations and dismissed said affirmative defense, unanimously reversed, on the law, without costs or disbursements, plaintiffs' motion for class certification denied as moot, defendants' second affirmative defense reinstated, defendants' cross-motion for summary judgment on said affirmative defense granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

In this action seeking, *inter alia*, declaratory and other related relief, plaintiffs, seven individual representatives, chal-

lenge the Statewide Offset Program (SWOP) under Tax Law §§ 171-d and 171-f, authorizing the New York State Department of Taxation and Finance to offset taxpayers' State income tax refunds by the amounts of debts owed by the taxpayers to various State agencies, including the New York State Office of Temporary and Disability Assistance (OTDA), the New York State Higher Education Services Corporation (HESC) and the State University of New York (SUNY). The chief officer of each of these agencies, as well as the Attorney General of the State of New York and the Commissioner of the New York State Department of Taxation and Finance (DTF), are named as defendants. The individual plaintiffs are taxpayers who had or were about to have their New York State income tax refunds applied against debts allegedly owed to these agencies for public assistance overpayments, unpaid school loans or unpaid hospital bills for services rendered in State facilities. Plaintiffs assert that the offset determinations violated their due process rights to notice and an opportunity to challenge the underlying debt certified by the particular agencies to DTF for collection against their tax returns. This appeal is from the grant of class certification and plaintiffs' motion for partial summary judgment on their third, fourth and ninth causes of action against OTDA, the denial of defendants' motion to convert this action to a CPLR article 78 proceeding and to transfer venue to Albany County, the dismissal of defendants' affirmative defenses based on the Statute of Limitations applicable to article 78 proceedings, and sovereign immunity.

Under SWOP, Tax Law § 171-f (2), as amended* (L 1992, ch 55, § 81), DTF is authorized to offset from tax refunds due taxpayers all or part of a "past-due legally enforceable debt owed by such taxpayer to a state agency." The creditor agency or the Attorney General in his capacity as attorney for such agency must certify that the debt is "past-due and legally enforceable" and provide DTF with specific information regarding the identity of the debtor and the amount due. (Tax Law § 171-f [3] [d].) Such information "shall be considered confidential and shall not be disclosed." (Tax Law 171-f [4] [c].)

Upon receipt of the certification, DTF must certify to the Comptroller of the State of New York the amount of the tax overpayment, any interest due and the amount of the balance of any refund to be remitted to the taxpayer after the offset. (*See*, Tax Law § 171-f [6].) After the offset is made, DTF must notify the taxpayer, in writing, of the amount of the offset and

---

* Section 171-d, which is analogous to the provisions of section 171-f, governs HESC certifications of defaulted guaranteed student loans.

name of the creditor agency. (*See,* Tax Law 171-f [7].) Subdivision (8) of section 171-f insulates the Commissioner of DTF from suit or liability on account of collecting "past-due legally enforceable debt[s]."

Plaintiffs commenced this action on September 2, 1997 on behalf of a class of persons who have had their refunds offset by DTF based on debts certified by OTDA, HESC and SUNY, alleging that each of the named plaintiffs has had his or her income tax refund taken to pay an alleged debt without having been given adequate notice or opportunity to contest such debt. In addition to seeking declaratory and injunctive relief, plaintiffs sought, with respect to class member plaintiffs, damages in the form of refunds of the amounts offset and, with respect to the named plaintiffs, liquidated monetary damages.

In its decision leading to the order on appeal, the IAS Court disposed of various motions and a cross-motion. The court denied defendants' motion to convert the action to an article 78 proceeding and to change venue and for summary judgment on, *inter alia,* their second affirmative defense of Statute of Limitations. In addition, the court granted plaintiffs' motion for class certification and denied as unnecessary the motion for leave to intervene made by several individuals who were allegedly subject to the Statewide Offset Program and denied an opportunity to challenge the validity of the underlying debt. The court also granted plaintiffs' motion for summary judgment on their third, fourth and ninth causes of action, alleging, respectively, that defendants violate plaintiffs' due process rights under the Federal and State Constitutions by implementing the tax offset process authorized by Tax Law § 171-f, which permits them to certify past-due legally enforceable debts based on initial notices that do not notify debtors of the possible preclusive effect of the failure to take timely action to contest the underlying debt (third cause of action); that defendant OTDA violates the rights of members of the plaintiff class under Tax Law § 171-f by promulgating regulations and by using pre-offset notices pursuant to these regulations that deny alleged debtors the opportunity for an oral hearing prior to offset, as required by Tax Law § 171-f (3) (c) (fourth cause of action); and that OTDA violates the rights of members of the plaintiff class under 18 NYCRR 374.2 by certifying debts to the DTF using pre-offset notices that do not provide information about the nature of the alleged overpayment as required by 18 NYCRR 374.2 (ninth cause of action) and seeking declaratory and injunctive relief. We reverse.

While plaintiffs commenced this action as a declaratory judg-

ment, their claims—that defendants' offset determinations were made in violation of due process, the provisions of Tax Law §§ 171-d and 171-f, the agencies' own regulations and the State Administrative Procedure Act—are cognizable under CPLR 7803 (3), since such claims seek review of defendants' decisions to certify plaintiffs' debts to DTF. Such claims are governed by the four-month period of limitations set forth in CPLR 217. (*Solnick v Whalen*, 49 NY2d 224; *see, Costantakos v Board of Educ.*, 105 AD2d 825.) There is no dispute that all of the offset determinations plaintiffs challenge were made more than four months before the commencement of this action. Since plaintiffs failed to commence an article 78 proceeding within four months of receipt of the pre-offset or post-offset notices, plaintiffs' claims are untimely, and the complaint should have been dismissed. (*See, Matter of Roebling Liqs. v Urbach*, 245 AD2d 829, *appeal dismissed and lv denied* 91 NY2d 948.)

The motion court held, and, in an effort to remove the claims from the time limitations within which article 78 proceedings must be brought, plaintiffs argue on appeal that the third cause of action alleged in the complaint is a facial challenge to the constitutionality of Tax Law § 171-f. (*See, New York Pub. Interest Research Group v Steingut*, 40 NY2d 250, 254, n 1 [article 78 proceeding does not lie to challenge the constitutionality of a legislative enactment].) The complaint, however, did not seek—nor did the court make—a declaration that the statute is in violation of the State or Federal Constitution. In fact, several causes of action assert that defendants violated plaintiffs' rights under the statute.

Plaintiffs also argue, citing *Matter of Zuckerman v Board of Educ.* (44 NY2d 336, 344) that a declaratory judgment, not an article 78 proceeding, is the proper vehicle in this case, since plaintiffs challenge continuing unlawful practices that affect numerous individuals. Nothing in *Zuckerman*, however, suggests that claims challenging agency determinations based on practices or policies allegedly contrary to law render the four-month Statute of Limitations inapplicable. Concur—Sullivan, P. J., Nardelli, Mazzarelli, Wallach and Friedman, JJ.