■ Mark Rosenthal et al., Respondents, v City of New York et al., Appellants. Lee Saunders et al., Respondents, v

CITY OF NEW YORK et al., Appellants. [725 NYS2d 20] —Orders, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered April 6, 2000 and April 10, 2000, which denied defendants' motions to dismiss the complaints, unanimously modified, on the law, to convert plaintiffs' complaints into CPLR article 78 proceedings, to dismiss those claims which accrued more than four months before the filing of the complaints, and otherwise affirmed, without costs.

In February 1999, these two declaratory judgment actions were brought by the leaders of labor unions on behalf of employees of the Parks Department in the titles of City Park Worker, Park Service Worker, Associate Park Service Worker, City Seasonal Aid, Associate Urban Park Ranger and Urban Park Ranger. Plaintiffs claimed that the municipal defendants' use of Work Experience Program (WEP) participants for Parks Department tasks violated the New York Welfare Reform Act of 1997 (Social Services Law § 336-c [2] [e]). Plaintiffs sought a declaration that the defendants were in violation of the statute, injunctive relief, and damages.

The municipal defendants moved to dismiss the complaints pursuant to CPLR 3211 (a) (5), arguing that plaintiffs' claims were barred by the four-month Statute of Limitations applicable to article 78 proceedings, and the doctrines of waiver, equitable estoppel, and laches. The IAS court denied both motions to dismiss, finding the four-month Statute of Limitations inapplicable because plaintiffs were challenging an ongoing policy of replacing plaintiffs' members with WEP workers. The court also rejected the remainder of defendants' grounds for dismissal, without prejudice to renewal upon completion of discovery.

We conclude that plaintiffs' challenges to the statute have not been waived and are not barred by principles of equitable estoppel or laches. However, we also conclude that because plaintiffs' challenges should have been brought as article 78 proceedings, they are governed by the applicable four-month Statute of Limitations. Accordingly, we modify the order appealed to dismiss those claims which accrued more than four months before the commencement of these actions.

The Court of Appeals has instructed that to determine the appropriate limitations period for a declaratory judgment action, "it is necessary to examine the substance of [the] action to identify the relationship out of which the claim arises and the relief sought" (*Solnick v Whalen*, 49 NY2d 224, 229). If "the rights of the parties sought to be stabilized * * * are, or have been, open to resolution through a form of proceeding for which

a specific limitation period is statutorily provided, then that period limits the time for commencement of the declaratory judgment action" (*id.* at 229-230). Further, "if [a] claim could have been made in a form other than an action for a declaratory judgment and the limitations period for an action in that form has already expired, the time for asserting the claim cannot be extended through the simple expedient of denominating the action one for declaratory relief" (*New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 201).

Plaintiffs claim that WEP participants are being assigned to work in violation of Social Services Law § 336-c (2) (e), which prohibits the employment of a workfare participant if it would result in: "(i) the displacement of any currently employed worker or loss of position (including partial displacement such as reduction in the hours of non-overtime work, wages or employment benefits) or result in the impairment of existing contracts for services or collective bargaining agreements; (ii) the employment or assignment of a participant or the filling of a position when any other person is on layoff from the same or any equivalent position or the employer has terminated the employment of any regular employee or otherwise reduced its workforce with the effect of filling the vacancy so created with a participant assigned pursuant to this section; (iii) any infringement of the promotional opportunities of any currently employed person; or (iv) the performance, by such participant, of a substantial portion of the work ordinarily and actually performed by regular employees; or (v) the loss of a bargaining unit position as a result of work experience participants performing, in part or in whole, the work normally performed by the employee in such position."

The individual plaintiffs are seeking review of the assignments of WEP participants at the Parks Department, alleging that they perform parks maintenance related tasks in violation of the "non-displacement" statute. Were plaintiffs challenging the validity of this statute, a declaratory judgment action would be appropriate (Siegel, NY Prac § 437, at 665 [2d ed]). However, where the issue, as here, is the propriety of proceedings taken under an otherwise valid statute, an article 78 proceeding is the proper vehicle. This Court has the power to convert a declaratory judgment action into an article 78 proceeding (CPLR 103 [c]; Siegel, *supra* at 665-666; *Butler v Wing*, 275 AD2d 273, *lv denied* 95 NY2d 770 [article 78 proceeding is proper for challenge to policy of applying tax refunds to past-due debts to state agencies]; *Hill v Giuliani*, 272 AD2d 157 [challenge to city's budget allocations over several years as

violating state statute appropriately brought as article 78 proceeding]; *AFSCME, New York Council 66 v City of Lackawanna*, 101 AD2d 1000 [article 78 proceeding proper vehicle for city employees to challenge their displacement by home relief recipients]; *see, Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202 ["when the challenge is directed not at the substance of the ordinance but at the procedures followed in its enactment, it is maintainable in an article 78 proceeding"]; *see also, Lenihan v City of New York*, 58 NY2d 679, 682).

Plaintiffs' argument that article 78 treatment is inappropriate because WEP workers are not hired for specific positions, and that the alleged growing displacement of union workers is a broad based policy concern which cannot adequately be remedied through an article 78 proceeding, also does not change the result here (*see, Matter of Zuckerman v Board of Educ.*, 44 NY2d 336, 344). It is irrelevant that it would be difficult, or even impossible, to pinpoint the specific job positions of WEP workers assigned to the Parks Department. The claims emanate not from a categorization of the assignments of WEP participants, but rather from the claimed displacement of union employees. Whether each adverse employment determination affecting a Parks Department employee violated Social Services Law § 336-c (2) (e) can be determined by examining each individual case (*see, Mitchell v Barrios-Paoli*, 253 AD2d 281, 291 ["the fact that wrongs were committed pursuant to a common plan or pattern does not permit invocation of the class action mechanism where the wrongs done were individual in nature or subject to individual defenses"]).

Plaintiffs' assertion that the WEP program has resulted in repeated displacement of workers in violation of Social Services Law § 336-c (2) (e) also does not alter this determination. Were we to accept plaintiffs' view that defendants' actions constitute an ongoing illegal practice or policy, we would nevertheless be required to assume that the success of any one plaintiff would, because of the "governmental operations rule," result in an across-the-board change in policy. This rule presumes "that the government will abide by court rulings in future cases involving similarly situated petitioners, under principles of stare decisis" (*Jamie B. v Hernandez*, 274 AD2d 335, 336, citing *Matter of Jones v Berman*, 37 NY2d 42).

Further, the four-month limitations period applicable to article 78 proceedings (CPLR 217) has the important objective of ensuring that " 'the operation of government not be trammeled by stale litigation and stale determinations' " (*Solnick*,

*supra* at 232, quoting *Mundy v Nassau County Civ. Serv. Commn.*, 44 NY2d 352, 359 [Breitel, Ch. J., dissenting]). It would frustrate this legislative scheme and prejudice defendants were each individual plaintiff allowed to extend the Statute of Limitations by merely denominating their claim one for declaratory relief (*New York City Health & Hosps. Corp. v McBarnette, supra* at 201).

However, we reject the municipal defendants' alternative contentions. Plaintiffs have not waived their claims in two prior agreements, the 1995 Memorandum of Understanding (MOU) and the 1997 Joint Statement of Principles (JSP). In the MOU, a coalition of municipal unions agreed with the City, before Social Services Law § 336-c (2) (e) was amended, that, *inter alia*, in return for the defendants upgrading and paying more money to union employees who were assigned to supervise the WEP workers, they would not oppose the utilization of significant numbers of WEP participants in the Parks Department. As the IAS court recognized, the JSP, entered into by the same parties, also before the effective date of Social Services Law § 336-c (2) (e), acknowledged a shared desire that welfare reform be successful in its goal of moving individuals and families from public assistance to full time employment. It also explicitly stated that current union members would not be displaced or lose their jobs, benefits, or promotional opportunities as a result of WEP participants entering the work force. It expressly anticipated that "the parties [would] discuss development of a procedure to ensure that displacement does not occur." The execution of these agreements did not constitute, as a matter of law, a waiver of plaintiffs' present challenge to the implementation of the anti-displacement provisions set forth in Social Services Law § 336-c (2) (e).

While, as a general rule, parties to a contract, including a labor agreement, may waive rights secured to them by statute (*see, Ballentine v Koch*, 89 NY2d 51, 58), the intentional relinquishment of a known right is not lightly presumed (*Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968; *City of New York v State of New York*, 40 NY2d 659, 669). Additionally, the municipal defendants have the burden of establishing that plaintiffs effectively waived their claims (*id.* at 669).

It would be unreasonable to infer that the MOU, executed prior to the amendment of Social Services Law § 336-c (2) (e), constituted a waiver of future rights set forth in that statute. Although Social Services Law former § 164 (2) (b), in effect prior to the amendment of section 336-c (2) (e), generally prohibited replacing employees with recipients of home relief,

the MOU does not discuss the issue of displacement of union employees by WEP participants. Furthermore, the declaration in the JSP that "no *current* City employees are intended to be displaced as a result of WEP assignments through the loss of job or position, reduction of wages and benefits, or infringement of promotional opportunities" (emphasis supplied) does not refer to future displacement of union members. It cannot be presumed, as a matter of law, that plaintiffs intended to relinquish future statutory challenges by agreeing to the JSP either.

Finally, dismissal is not warranted on the basis of laches. The municipal defendants have not shown that they have taken any irreversible actions that, had plaintiffs acted sooner, would have been avoided. All that the municipal defendants have alleged is that, should the WEP program be enjoined or curtailed, they will have to formulate and implement new ways of satisfying the workfare requirements for social services funding under Federal and State law. As the IAS court held, this is not cognizable prejudice for showing laches. Concur—Mazzarelli, J. P., Lerner, Rubin, Buckley and Friedman, JJ.