■ PELLA REALTY, LLC, Appellant, v COMMISSIONER OF FINANCE et al., Respondents. [774 NYS2d 38]—

Appeal from order, Supreme Court, New York County (Faviola Soto, J.), entered February 13, 2003, which, in an action seeking a declaration that plaintiff is entitled to a real estate tax refund that the city defendants paid to the non-city defendants, inter alia, granted defendants' cross motions to dismiss the complaint, deemed to be an appeal from the ensuing judgment, same court and Justice, entered June 13, 2003, dismissing the complaint, and so considered, the judgment is unanimously affirmed, without costs.

As against the city defendants, the IAS court properly converted the action to a CPLR article 78 proceeding where plaintiff is challenging the Department of Finance's determination to deny its application for a tax refund (CPLR 103 [c]; *cf. Butler v Wing,* 275 AD2d 273, 276 [2000], *lv denied* 95 NY2d 770 [2000]). Accordingly, the applicable statute of limitations is four months, measured from plaintiff's receipt of the Department of Finance's August 8, 2001 letter advising plaintiff of the denial of its application (CPLR 217), and the action was therefore properly dismissed as untimely. Even were we to consider the subsequent letters dated October 29, 2001 and November 20, 2001 as amenable to CPLR article 78 proceedings, the matter would still be untimely. As against the non-city defendants who received the refund, plaintiff's cause of action for fraud was properly dismissed on the ground that the alleged misrepresentations contained in their application for a tax refund were made not to plaintiff but to the Department of Finance, and thus could not have induced reliance by plaintiff. Nor does plaintiff have a cause of action for conversion against the non-city defendants, where the Department of Finance denied plaintiff's application for a refund not because it had already paid the refund to the non-city defendants, but because the application was made more than six years after plaintiff's predecessor paid the tax (citing 19 RCNY 24-02). As the IAS court stated, it does not appear that the Department of Finance's payment of the refund to the non-city defendants was a factor in its determination to deny the refund to plaintiff, and plaintiff's present challenge to that determination is barred by the four-month statute of limitations. Thus, plaintiff cannot show legal entitlement to the refund, a necessary element to its cause of action for conversion (*see Republic of Haiti v Duvalier,* 211 AD2d 379, 384 [1995]). We have considered plaintiff's other

contentions and find them unavailing. Concur—Tom, J.P., Andrias, Ellerin and Gonzalez, JJ.