■ LILLIAN ROBERTS, as Executive Director of District Council 37, American Federation of State, County and Municipal Employees, AFL-CIO, et al., Appellants, v CITY OF NEW YORK et al., Respondents. EDNA WILLIAMS, as President of Local 1597 of District Council 37, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [797 NYS2d 453]—

Judgments, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered January 20, 2004, which dismissed petitioners' CPLR article 78 applications, unanimously affirmed, without costs.

To state a cause of action under Social Services Law § 336-c (2) (e) (i), it is incumbent upon petitioners to specify the employees who were allegedly displaced by the Work Experience Program (WEP) workers as well as, for the purposes of the statute of limitations, when they were displaced (*Rosenthal v City of New York*, 283 AD2d 156 [2001], *lv dismissed* 97 NY2d 654 [2001]; *see also Roberts v City of New York*, 20 AD3d 44 [2005] [decided herewith]).

Petitioners in *Roberts* herein did not identify any employees displaced by WEP workers. Petitioners in *Williams*, although identifying two employees allegedly displaced by WEP workers, failed to set forth when that displacement took place, or the particular WEP workers who allegedly replaced them. Accordingly, the pleading fails to state sufficient facts, and having failed to meet the pleading requirements set forth in our prior decisions, the IAS court correctly dismissed the petitions. Concur—Tom, J.P., Saxe, Friedman, Nardelli and Sweeny, JJ.