[797 NYS2d 454]

LILLIAN ROBERTS, as Executive Director of District Council 37, American Federation of State, County and Municipal Employees, AFL-CIO, et al., Appellants, v CITY OF NEW YORK et al., Respondents.

MARK ROSENTHAL, as President of Local 983 of District Council 37, American Federation of State, County and Municipal Employees, AFL-CIO, et al., Appellants, v CITY OF NEW YORK et al., Respondents.

First Department, June 21, 2005

APPEARANCES OF COUNSEL

*Joel Giller*, New York City (*Mary J. O'Connell* of counsel), for Lillian Roberts and others, appellants.

*Kennedy, Schwartz & Cure, P.C.*, New York City (*Stuart Lichten* of counsel), for Mark Rosenthal, appellant.

*Michael A. Cardozo, Corporation Counsel*, New York City (*Fay Ng, Pamela Seider Dolgow* and *Bruce Rosenbaum* of counsel), for respondents.

*Community Service Society of New York*, New York City (*Juan Cartagena* and *Risa E. Kaufman* of counsel), for Community Voices Heard, amicus curiae.

*Colleran, O'Hara & Mills, L.L.P.*, Garden City (*Edward J. Groarke* and *Stephanie Suarez* of counsel), for New York State AFL-CIO, amicus curiae.

## OPINION OF THE COURT

BUCKLEY, P.J.

Petitioners, who represent certain employees of the City's Department of Parks and Recreation, originally brought these proceedings as plenary actions seeking declaratory and injunctive relief and damages against respondents' alleged continuing violations of Social Services Law § 336-c (2) (e), which prohibits the use of Work Experience Program (WEP) participants to displace regular Parks Department employees. On the prior appeal (*sub nom. Rosenthal v City of New York*, 283 AD2d 156 [2001], *lv dismissed* 97 NY2d 654 [2001]), this Court held that where the issue is the propriety of actions taken under an otherwise valid statute, a CPLR article 78 proceeding is the proper vehicle, and converted the complaints into article 78 proceedings.

As Supreme Court concluded on remand, in order for there to be a violation of section 336-c (2) (e), petitioners must. allege and prove that specifically named union employees of the Parks Department were adversely affected as a direct result of respondents' use of WEP participants for Parks Department tasks (*see Roberts v City of New York*, 19 AD3d 228 [2005]). Moreover, statistical indications of trends are insufficient, by themselves, to establish a violation of the statute. Indeed, "[s]tatistics should be used as the drunken man uses the lam-

post—for support rather than illumination" (Anonymous, *TPN and APACHE*, The Lancet I:1478 [1986]).

Petitioners having failed to allege sufficient facts to demonstrate that any of their members were adversely affected as a direct result of respondents' use of WEP participants, the judgments of the Supreme Court, New York County (Michael D. Stallman, J.), entered December 31, 2003, which denied the petitions and dismissed these proceedings, should be affirmed, without costs.

MAZZARELLI, ANDRIAS, MARLOW and CATTERSON, JJ., concur.

Judgments, Supreme Court, New York County, entered December 31, 2003, affirmed, without costs.