Concourse Rehabilitation & Nursing Ctr., Inc. v Shah (2018 NY Slip Op 03808)





Concourse Rehabilitation & Nursing Ctr., Inc. v Shah


2018 NY Slip Op 03808


Decided on May 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2018

Friedman, J.P., Gische, Tom, Kern, Singh, JJ.


6696 305755/12

[*1]Concourse Rehabilitation & Nursing Center, Inc., Plaintiff-Appellant,
v
Nirav R. Shah, etc., et al., Defendants-Respondents.


Neiman & Mairanz, P.C., New York (Marvin Neiman of counsel), for appellant.
Eric T. Schneiderman, Attorney General, New York (Scott A. Eisman of counsel), for respondents.



Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered on or about September 21, 2016, which granted defendants' motion for summary judgment, converted the action to an article 78 proceeding and, upon conversion, dismissed the proceeding, and denied plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.
Plaintiff Concourse Rehabilitation & Nursing Center, Inc. operates a 240-bed residential health care facility in the Bronx, which derives over 80% of its income from services rendered to Medicaid-eligible patients. In July 2012, plaintiff commenced this action seeking a declaratory judgment and asserting a 42 USC § 1983 claim to annul an audit performed by defendant the Office of the Medicaid Inspector General (OMIG), an independent office of defendant New York State Department of Health (DOH). At issue in the action is plaintiff's ability to write-off bad debts related to a Medicaid recipient's "net available monthly income" (NAMI) (see Sai Kwan Wong v Doar, 571 F3d 247, 251—252 [2d Cir 2009]), which income must be applied toward the costs of care in a residential health care facility (see 18 NYCRR § 360-4.9; see also 18 NYCRR §§ 360-4.8[c][1] & 360-4.1[b][1]).
The proper vehicle for challenging a governmental agency's determination or action is via an article 78 proceeding (see Rosenthal v City of New York, 283 AD2d 156, 158 [1st Dept 2001]; Butler v Wing, 275 AD2d 273, 276 [1st Dept 2000], lv denied 95 NY2d 770 [2000]). Plaintiff's challenge to defendants' treatment of its allegedly uncollectible NAMI debt and the relief sought, to wit, the annulment of defendants' determination, fall within the purview of an article 78 proceeding. As such, conversion to an article 78 proceeding was proper (see CPLR 103[c]).
Upon conversion, dismissal for failure to exhaust administrative remedies was proper (see CPLR 7801[1]; see also Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]). Plaintiff commenced the action prior to OMIG's issuance of its draft and final audit reports for the subject years and did not avail itself of the administrative remedies available after issuance of the report, including by issuing a statement detailing items of objection to the draft report and requesting a hearing (see 18 NYCRR §§ 517.5[c]; 519.7[a]). Plaintiff failed to demonstrate the futility of pursuing such remedies or any other exception to the exhaustion doctrine (see Watergate II Apts., 46 NY2d at 57). Moreover, as the issue involves defendants' interpretation of its regulations, it must be first raised via administrative review (see Young Men's Christian [*2]Assn. v Rochester Pure Waters Dist., 37 NY2d 371, 375—376 [1975]; see also Matter of Sabino v DiNapoli, 90 AD3d 1392, 1393-1394 [3d Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 29, 2018
CLERK