Gusel v King

2026 NY Slip Op 03118

May 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Michael Gusel et al., Respondents,

v

Eileen King et al., Appellants.

Decided and Entered: May 19, 2026

Index No. 159824/24|Appeal No. 6668|Case No. 2025-04298|

Before: Moulton, J.P., Scarpulla, Kapnick, Shulman, Michael, JJ.

Boyd Richards Parker & Colonnelli, P.L., New York (Andreas Theodosiou of counsel), for appellants.

Law Offices of Fred L. Seeman, New York (Peter Kirwin of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about June 9, 2025, which denied defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(5) and (7), unanimously affirmed, without costs.

This action is the latest chapter in a governance dispute among shareholders at Inwood Tower, a Mitchell-Lama residential cooperative. For purposes of the instant appeal, the following facts alleged in the complaint, which we assume to be true for purposes of a motion to dismiss, provide sufficient context. Inwood Tower failed to achieve a quorum at its December 2022 annual meeting, which left in place its nine-member board. At the next annual meeting, held on November 30, 2023, Inwood Tower again failed to achieve a quorum. The Board president then called for the meeting to remain open so that a quorum might be achieved by the submission of absentee ballots.

On January 14, 2024, plaintiffs insurgent shareholders requested that the board call a special meeting. When the board refused, the insurgent shareholders noticed a special meeting for March 14, 2024. The notice referenced BCL § 603 and called for the removal of the existing board, the amendment of Inwood Tower's by-laws to reduce the number of directors from nine to five, and the "[t]ransaction of such other business as may properly come before the meeting."

Prior to this special meeting, the election monitor hired by Inwood Tower certified that a quorum was finally achieved on January 29, 2024, by the submission of a sufficient number of absentee ballots. The certification set forth the names of the six directors elected at the 2023 annual meeting.

The special meeting called by the insurgent shareholders went forward on March 14, 2024. The amendment reducing the board from nine to five members passed and the individual plaintiffs were elected to the board. This series of events left Inwood Tower with two boards claiming legitimacy.

On October 22, 2024, plaintiffs commenced this action seeking, among other things, a judgment declaring that the results of a special meeting held on March 14, 2024 are valid and enforceable, and that plaintiffs, and not defendants, are the rightful members of the board of directors of Inwood Tower.

Defendants argue that plaintiffs are challenging actions taken by defendants at the 2022 and 2023 annual meetings, and therefore they must bring their challenge solely through an article 78 proceeding. Because this suit was brought more than four months after the certification of the 2023 election, defendants argue that it is barred by the four-month statute of limitations applicable to article 78 proceedings (CPLR 217[1]).

[*2]

Supreme Court correctly rejected this argument. The individual plaintiffs seek declaratory and injunctive relief reflecting that they are Inwood Tower's legitimate board, and they seek neither review of a determination of the board of Inwood, nor to force the board to perform a duty. Thus, plaintiffs could not have brought this action as an article 78 proceeding, and the four-month statute of limitations does not apply (see Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 204 [1987]; Costantakos v Board of Educ. of City of N.Y., 105 AD2d 825, 825 [2d Dept 1984]).

Supreme Court also properly denied defendants' motion to dismiss pursuant to CPLR 3211(a)(7).Defendants' contentions regarding plaintiffs' use of Business Corporation Law § 603 do not warrant dismissal.FN1 Although plaintiffs invoke that provision, its interaction with Inwood Tower's relevant by-laws is dependent on factual issues that cannot be resolved on a motion to dismiss. For example, it is unclear whether there was "a failure to elect a sufficient number of directors to conduct the business of the corporation" (Not-for-Profit Corporation Law § 604[a]). Inwood Towerwas supposed to have nine directors, and a majority of directors (i.e., five) were required for a quorum to conduct business. However, an annual meeting was held on November 30, 2023 to elect six directors, thus Inwood Tower arguably only had three directors (less than a quorum) at thattime.Yet, Inwood Tower's by-laws state, "The directors . . . shall serve for three years . . . and until their successors are duly elected and shall qualify." It is not clear from the record whether a director's term continues beyond three years if no successor is elected within that time.

As for theMarch 2024 special meeting, the only business authorized by Not-for-Profit Corporation Law § 604(a) is "the election of directors." The statute does not authorize amendment of the by-laws or the removal of directors. However, Inwood Tower'sby-laws state: "Special meetings of the stockholders for any purpose or purposes . . . shall be called by the President or Secretary . . . at the request in writing of 25% of the stockholders" and "[t]hese By-Laws may be amended . . . by vote of a majority of the stockholders . . . at any duly called . . . special meeting . . . , provided the proposed amendment is set forth in the notice of meeting." The notice of the March 14, 2024 special meeting set forth the proposed amendment. Defendants' contention that there was no quorum at the March 14, 2024 special meeting cannot be resolved on review of a motion to dismiss.

We have considered defendants' remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 19, 2026

Footnotes

Footnote 1

While both sides cite Business Corporation Law § 603, Not-for-Profit Corporation Law § 604 applies here because Inwood Tower was formed under article II of the Private Housing Finance Law (see Private Housing Finance Law § 13-a[1]). Regardless, the two provisions are substantively the same (compare Business Corporation Law § 603(a) and Non-for-Profit Corporation Law § 604[a]).