■ Lee Saunders, Respondent, v City of New York et al., Appellants. [725 NYS2d 18] —Order, Supreme Court, New York County (Richard Braun, J.), entered January 26, 2000, which denied defendants' motion to dismiss the action as barred by the Statute of Limitations and laches, unanimously modified, on the law, to convert plaintiffs' complaints into CPLR article 78 proceedings and to dismiss those claims that accrued more than four months before the filing of the complaints, and otherwise affirmed, without costs.

The action, brought by an official of a labor organization that represents defendant City's clerical employees, seeks, *inter alia*, a declaration that the City's policy of assigning Work Experience Program (WEP) participants to perform tasks in defendant municipal agencies violates Social Services Law § 336-c (2) (e). Defendants argue that the action is barred by the four-month Statute of Limitations applicable to article 78 proceedings, except for any challenges to specific assignments of specific WEP workers during the four months prior to the institution of the action. The IAS court rejected this argument, reasoning that plaintiff is not challenging "a discrete government act or determination" but rather a "continuing government policy," such that a declaratory judgment action, not an article 78 proceeding, is the appropriate vehicle of relief.

This was error. Because plaintiff is challenging not the "non-displacement" statute itself but the propriety of proceedings taken under the statute, an article 78 proceeding is the proper vehicle (*see, Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202; *see also, Rosenthal v City of New York*, 283 AD2d 156 [decided herewith]). According to plaintiff, he is challenging the continuing and ever-growing manner in which the City uses WEP workers to perform the jobs of union members, which policy has allegedly resulted, over time, in a decline in the number of union workers as the number of WEP workers increases, the loss of jobs and benefits to individual union workers and the loss of bargaining unit positions to plaintiff. Furthermore, according to plaintiff, it would be impossible to file an individual challenge under article 78 each time a WEP worker is assigned to an agency, since WEP workers are not "hired" for particular positions, and are not even deemed employees for most purposes, but are rather assigned to various agencies, where they are then assigned various tasks, some of which overlap with the tasks normally performed by union workers. It is only by examining the overall effect of the WEP program over time that the extent of the displacement can be ascertained, and a determination made as to whether the program has resulted in violations of Social Services Law § 336-c (2) (e). However, these claims emanate not from a categorization of the assignments of WEP participants, but rather from the alleged displacement of union employees. Whether each employment determination that adversely affected a City clerical employee violated Social Services Law § 336-c (2) (e) can be determined by examining each individual case (*see, Rosenthal, supra*). Moreover, even if defendants' actions constituted an ongoing illegal practice or policy, the success of any one plaintiff would result in an across-the-board

change in policy, pursuant to the rule that "the government will abide by court rulings in future cases involving similarly situated petitioners, under principles of stare decisis" (*Jamie B. v Hernandez*, 274 AD2d 335, 336, citing *Matter of Jones v Berman*, 37 NY2d 42).

On the issue of laches, the City fails to show that it has made irreversible investments in the WEP program that, had plaintiff acted sooner, could have been avoided. All that the City shows is that, should the WEP program be enjoined or curtailed, it will have to formulate and implement new ways of satisfying the workfare requirements necessary for social services funding under Federal and State law. As the IAS court held, this is not cognizable prejudice for purposes of showing laches. Concur—Rosenberger, J. P., Tom, Ellerin, Rubin and Buckley, JJ.