Appeal and cross appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered June 17, 2016. The order denied the motion of plaintiffs for summary judgment and denied the cross motion of defendant seeking, inter alia, summary judgment.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Plaintiffs commenced this action against defendant seeking a declaration that defendant is obligated, under the terms of the parties’ agreement, to reimburse plaintiffs for all defense costs associated with an underlying personal injury lawsuit brought against plaintiffs (Klepanchuk v County of Monroe, 129 AD3d 1609 [2015], lv denied 26 NY3d 915 [2016]). Preliminarily, we note that defendant effectively abandoned any challenge to Supreme Court’s denial of its cross motion for summary judgment dismissing the complaint pursuant to CPLR 3212 inasmuch as defendant has not raised any such challenge on appeal (see Becker-Manning, Inc. v Common Council of City of Utica, 114 AD3d 1143, 1143-1144 [2014]). Notably, defendant’s main and reply briefs state that “[t]he Decision and Order of the court below should be affirmed insofar as it denied the motion and cross-motion for summary judgment pursuant to CPLR 3212.”
 

 We conclude that the court properly denied plaintiffs’ motion for summary judgment seeking the requested declaration. Contrary to plaintiffs’ contention, the indemnification provision at issue is triggered only in the event of a finding of an intentional or negligent act by defendant and, on this record, plaintiffs have failed to show either one as a matter of law (see Bellreng v Sicoli & Massaro, Inc. [appeal No. 2], 108 AD3d 1027, 1031 [2013]; Guarnieri v Essex Homes of WNY, 24 AD3d 1266, 1266-1267 [2005]). We further conclude that the explicit language of the indemnification provision does not violate General Obligations Law § 5-322.1 inasmuch “as it does not require [defendant] to indemnify [plaintiffs] for [their] own negligence” (Brooks v Judlau Contr., Inc., 11 NY3d 204, 209 [2008]). Instead, the “provision is clear, obligating [defendant] to indemnify [plaintiffs] only when it is shown that damages were caused by [defendant’s] own negligence” (id.; see Ostuni v Town of Inlet, 64 AD3d 854, 855 [2009]; Kowalewski v North Gen. Hosp., 266 AD2d 114, 114-115 [1999]).
 

 We conclude that the court properly denied that part of defendant’s cross motion seeking to dismiss the complaint under CPLR 3211 (a) (7). It is well established that a declaratory judgment is a discretionary remedy (see CPLR 3001; Bower & Gardner v Evans, 60 NY2d 781, 782 [1983]; Matter of Morgenthau v Erlbaum, 59 NY2d 143, 148 [1983], cert denied 464 US 993 [1983]), and “the [general] rule in declaratory judgment actions [is] that on a motion to dismiss the complaint for failure to state a cause of action, the only question is whether a proper case is presented for invoking the jurisdiction of the court to make a declaratory judgment, and not whether the plaintiff is entitled to a declaration favorable to him” (Law Research Serv. v Honeywell, Inc., 31 AD2d 900, 901 [1969]; see Plaza Dr. Group of CNY, LLC v Town of Bennett, 115 AD3d 1165, 1166 [2014]). Contrary to defendant’s contention, the existence of triable issues of fact does not preclude declaratory relief (see Thome v Alexander & Louisa Colder Found., 70 AD3d 88, 99-100 [2009], Iv denied 15 NY3d 703 [2010]; Empire Mut. Ins. Co. v McLaughlin, 35 AD2d 1074, 1074 [1970]; Armstrong v County of Onondaga, Onondaga County Water Dist., 31 AD2d 735, 736 [1968]). We reject defendant’s further contention that the action should be dismissed because plaintiffs have other adequate alternative remedies available. The Court of Appeals has expressly noted that “[t]he mere existence of other adequate remedies . . . does not require dismissal: We have never gone so far as to hold that, when there exists a genuine controversy requiring a judicial determination, the Supreme Court is bound, solely for the reason that another remedy is available, to refuse to exercise the power conferred by [the predecessor statutes to CPLR 3001]’ ” (Morgenthau, 59 NY2d at 148). Contrary to defendant’s final contention, plaintiffs are not precluded from bringing a declaratory judgment action because they did not implead defendant in the underlying action (see Hudson Ins. Co. v AK Constr. Co., LLC, 92 AD3d 521, 521 [2012]; Patrick M. Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3001:14).
 

 Present — Smith, J.P., DeJoseph, Curran, Troutman and Winslow, JJ.