New York State Pub. Empl. Relations Bd. v New York City Off. of Collective Bargaining (2025 NY Slip Op 25014)

[*1]

New York State Pub. Empl. Relations Bd. v New York City Off. of Collective Bargaining

2025 NY Slip Op 25014

Decided on January 21, 2025

Supreme Court, New York County

Ally, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 21, 2025
Supreme Court, New York County

New York State Public Employment Relations Board, Petitioner, For an Order and Declaratory Judgment Pursuant to Article 78 and CPLR 3001

against
New York City Office of Collective Bargaining, THE NEW YORK CITY BOARD OF COLLECTIVE BARGAINING, and THE NEW YORK CITY BOARD OF CERTIFICATION, Respondents.

Index No. 452305/2023

Petitioner New York State Public Employment Relations Board
Michael T. Fois, Esq. (michael.fois&commat;perb.ny.gov)
Ellen M. Mitchell, Esq. (ellen.mitchell&commat;perb.ny.gov)
Laura H. Delaney, Esq. (laura.delaney&commat;perb.ny.gov)
P.O. Box 2074
New York State Public Employment Relations Board
Empire State Plaza Agency Building 2, Floor 20
Albany, NY 12220
(518) 457-2578
Respondents New York City Office of Collective Bargaining, The New York City Board of Collective Bargaining, and The New York City Board of Certification
Steven E. Star, Esq. (sstar&commat;ocb.nyc.gov)
Abigail R. Levy, Esq. (alevy&commat;ocb.nyc.gov)
Karine Spencer, Esq. (kspencer&commat;ocb.nyc.gov)
New York City Office of Collective Bargaining
100 Gold Street, 4th Floor
New York, NY 10038
(212) 306-7180
Nonparty Environmental Police Benevolent Association, Inc.
Edward L. Freer, Esq. (elfreer&commat;davisferber.com) Davis & Ferber, LLP
1349 Motor Parkway
Islandia, NY 11749
(631) 543-2900
Nonparty New York City Municipal Labor Committee
Daniel C. Doeschner, Esq. (ddoeschner&commat;gbglawoffice.com)
Greenberg Burzichelli Greenberg PC
3000 Marcus Avenue, Suite 1w7
New Hyde Park, NY 11042
(516) 570-4343
Nonparty District Council 37
Hanan B. Kolko, Esq. (hkolko&commat;cwsny.com)
Cohen, Weiss and Simon LLP
900 Third Avenue, Suite 2100
New York, NY 10022
(212) 563-4100
Nonparty Local 237, International Brotherhood of Teamsters
Eyad Asad, Esq. (easad&commat;cwsny.com)
Cohen, Weiss and Simon LLP
909 3rd Avenue, Floor 12
New York, NY 10022
(212) 356-0249
Nonparty City of New York, New York City Office of Labor Relations
Maxwell D. Leighton, Esq. (mleighto&commat;law.nyc.gov)
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2472

Shahabuddeen A. Ally, J.

The following e-filed documents, listed by NYSCEF document number, were read on:
Mot. Seq. No. 2 to/for LEAVE TO FILE: 15-17
Mot. Seq. No. 3 to/for DISMISSAL: 18-30, 48-49, 56-57, 68-69, 72
Mot. Seq. No. 4 to/for ADD/SUBSTITUTE/INTERVENE: 32-35, 46, 50, 62
Mot. Seq. No. 5 to/for LEAVE TO FILE: 36, 38-39, 54
Mot. Seq. No. 6 to/for DISMISSAL: 37-39, 52, 58-59
Mot. Seq. No. 7 to/for LEAVE TO FILE: 40-43, 55, 60-61
Mot. Seq. No. 8 to/for DISMISSAL: 43-44, 51
Mot. Seq. No. 9 to/for DISMISSAL: 35, 45, 53
Mot. Seq. No. 10 to/for LEAVE TO FILE: 63-66
In this special proceeding, Petitioner NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD ("PERB") alleges that respondents NEW YORK CITY OFFICE OF COLLECTIVE BARGAINING ("OCB"), THE NEW YORK CITY BOARD OF COLLECTIVE BARGAINING ("BCB"), and THE NEW YORK CITY BOARD OF CERTIFICATION ("BOC"; and, collectively with OCB and BCB, "Respondents") are not implementing the New York City Collective Bargaining Law (the "NYCCBL") in a manner substantially equivalent to the Public Employees' Fair Employment Act, Civil Service Law, Article 14, § 200 et seq. (the "Taylor Law"). Specifically, PERB alleges that Respondents' contract-bar rule, codified in § 1-02(g) of Title 61, Chapter 1 of the Rules of the City of New York (the "OCB Rules"), is not being implemented in manner substantially equivalent to PERB's contract-bar rule, codified in § 201.3 of Title 4, Chapter VII of the Compilation of Codes, Rules and Regulations of the State of New York (the "PERB Rules"). As authorized under Taylor Law § 212.2, PERB commenced this proceeding seeking a declaration, pursuant to CPLR § 3001, that Respondents' continuing implementation of the NYCCBL is not substantially equivalent and an order, pursuant to CPLR Article 78, requiring Respondents to modify their practices to become substantially equivalent.
On November 17, 2023, Respondents moved, pursuant to CPLR Rule 3211(a)(5) and § 7804(f), to dismiss PERB's Verified Petition, which was filed September 12, 2023 (Verified Pet., dated Sept. 12, 2023 ("Pet.") (NYSCEF Doc. 1)), as untimely under the applicable statute of limitations. (Notice of Mot., dated Nov. 11, 2023 (NYSCEF Doc. 18)) (Seq. No. 3) PERB filed opposition to the motion on December 20, 2023, and Respondents filed a reply on January 19, 2024. (NYSCEF Docs. 48-49, 56-57)
Several nonparties have also moved to intervene in this action or, alternatively, for leave to file briefs in support of Respondents as amicus curiae. Nonparty the New York City Municipal Labor Committee ("MLC") moved for that relief on November 17, 2023. (Notice of Mot., dated Nov. 17, 2023 (NYSCEF Doc. 32)) (Seq. No. 4) MLC also filed a Notice of Proposed Motion to Dismiss on November 21, 2023. (NYSCEF Doc. 45) (Seq. No. 9) Similarly, nonparties District Council 37, American Federation of State, Council and Municipal Employees, AFL-CIO ("DC37"), Local 237, International Brotherhood of Teamsters ("Local 237"), and the International Organization of Masters, Mates & Pilots ("MMP") have each moved to intervene or, alternatively, to appear as amicus curiae and have also filed proposed motions to dismiss. (NYSCEF Docs. 36-37) (Seq. Nos. 5-8)
Finally, both the Environmental Police Benevolent Association, Inc. ("EPBA") and the City of New York, New York City Office of Labor Relations ("OLR"), moved for leave to file an amicus curiae brief. (NYSCEF Docs. 15, 63) (Seq. Nos. 2, 10)
The motions—Sequence Nos. 2 through 10—are consolidated herein for purposes of disposition. For the reasons discussed below, Sequence No. 3, Respondents' motion to dismiss, is GRANTED in part and DENIED in part; Sequence Nos. 4, 5, and 7, MLC's, DC37's, Local 237's, and MMP's motions to intervene or, alternatively, for leave to appear and file as amicus curiae, are GRANTED in part and DENIED in part; Sequence Nos. 6, 8, and 9, MLC's, DC37's, Local 237's, and MMP's proposed motions to dismiss, are DENIED; and Sequence Nos. 2 and 10, EPBA's and OLR's motions for leave to file an amicus curiae brief, are GRANTED.
I. Background
PERB is an executive Board of the State of New York established in 1967, pursuant to [*2]Taylor Law § 200 and 205, to administer the Taylor Law. (Pet. ¶ 6) It does so, in part, through the PERB Rules. (Id.)
Taylor Law § 212 "'permits local governments to enact their own procedures and to establish their own impartial administrative bodies to replace designated portions of the Taylor Law and their administration by PERB.'" (Id. ¶ 36 (quoting Patrolmen's Benevolent Ass'n of the City of NY Inc. v. City of NY, 97 NY2d 378, 378 (2002) [hereinafter PBA]))
As permitted under Taylor Law § 212, New York City (the "City") created Respondents, local administrative bodies, pursuant to Chapter 54, § 1170 of the New York City Charter and the NYCCBL. (Id. ¶ 7) Respondents are "'the local equivalent of PERB and are commonly referred to as "mini-PERBs."'"(Id. ¶ 8 (quoting PBA, 97 NY2d at 382)) Respondents regulate the conduct of labor relations in the City and administer the NYCCBL, both of which they do, in part, through the OCB Rules. (Id. ¶ 9)
Taylor Law § 212 charges PERB with the responsibility to ensure that the provisions of local law and the procedures implementing them by the relevant mini-PERB are substantially equivalent to the Taylor Law. (Id. ¶ 42) In vesting PERB with that responsibility, the Taylor Law treats Respondents and mini-PERBs established in localities outside of the City differently. (Id. ¶ 43) Under Taylor Law § 212.1, non-City mini-PERBs must "'apply to PERB for determination that their procedures are substantially equivalent to those set forth in the Taylor Law,'" and PERB makes that determination in a Decision and Order. (Id. ¶ 46 (quoting PBA, 97 NY2d at 383)) By contrast, under Taylor Law § 212.2, the City's laws (i.e., the NYCCBL), Respondents' rules (i.e., the OCB Rules), and Respondents' continuing implementation of the laws and their rules are presumed to be substantially equivalent to the Taylor Law upon their enactment and unless and until a court of law, in an action brought by PERB for a declaratory judgment, declares that they are not:
[W]ith respect to provisions and procedures adopted by local law by the city of New York[,] no such submission to or determination by the board shall be required, but such provisions and procedures shall be of full force and effect unless and until such provisions and procedures, or the continuing implementation thereof, are found by a court of competent jurisdiction, in an action brought by the board in the county of New York for a declaratory judgment, not to be substantially equivalent to the provisions and procedures set forth in this article.
Taylor Law § 212.2.
PERB reviews Respondents' continuing implementation of the NYCCBL and the OCB Rules pursuant to the procedures set forth in PERB Rules § 203.8, entitled "Procedures for the Review of Implementation of Local Government Procedures under Section 212 of the Act." (See Pet. ¶¶ 49-55) Under PERB Rules § 203.8(b), "[a] petition to review the question of whether provisions and procedures of a local government are being implemented in a manner substantially equivalent to the provisions and procedures set forth in the [Taylor Law] and this Chapter . . . may be filed by any person." (Id. ¶ 52) Such a petition for review is known as an "implementation petition." (Id.) Once an implementation petition is filed, PERB, pursuant to PERB Rules § 203.8(f), must conduct an investigation of the questions raised by the petition, and, after completion of the investigation or "[a]fter receipt of a report and recommendation from its agent," PERB, pursuant to § 203.8(g), "shall decide the issues and make such disposition of the matter as it deems appropriate." (Id. ¶¶ 54-55)
Since 1974, PERB Rules § 201.3(e) has provided that employees may seek to decertify [*3]the union representing them 120 days after the expiration of an existing labor contract between an employer and the union:
A petition for certification or decertification may be filed by an employee organization other than the recognized or certified employee organization and a petition for decertification may be filed by one or more public employees, if no new agreement is negotiated, 120 days subsequent to the expiration of a written agreement between the public employer and the recognized or certified employee organization of, if the agreement does not expire at the end of the employer's fiscal year, then 120 days subsequent to the end of the fiscal year immediately prior to the termination date of such agreement. Thereafter, such petition may be filed until a new agreement is executed.
Taylor Law § 201.3(e). (Pet. ¶¶ 60-61) This is PERB's so-called "contract bar rule." (See id. ¶¶ 56-61)
By contrast, Respondents' contract-bar rule, found in OCB Rules § 1-02(g), explicitly prohibits post—expiration-of-contract decertification, except that BOC may allow an otherwise prohibited decertification petition for "unusual or extraordinary circumstances":
Petitionscontract bar; time to file. A valid contract between a public employer and a public employee organization will bar the processing of any petition filed outside of the window periods described below. The time period for filing a petition for certification, designation, decertification or revocation of designation pursuant to §1-02(c), (d), or (e) of these rules is: for a contract of no more than three years' duration, a petition can be filed not less than 150 or more than 180 calendar days before the contract's expiration date; for a contract of more than three years' duration, a petition can be filed not less than 150 or more than 180 calendar days before the contract's expiration date, or not less than 150 or more than 180 calendar days before the end of the third year of that contract. No petition for certification, decertification or investigation of a question or controversy concerning representation may be filed after the expiration of a contract. However, if a window period would be eliminated or shortened, such as when a public employer and a public employee organization sign a successor contract after that contract has expired or less than 180 days before it expires, then a petition for certification, decertification or question or controversy concerning representation may be filed in the 30-day period following the date the successor contract is signed by all parties. Moreover, if the [BOC] finds that unusual or extraordinary circumstances exist, such as when there is reason to believe that a recognized or certified employee organization is defunct or has abandoned representation of the employees in the unit for which it was recognized or certified, the [BOC] may process a petition otherwise barred by this rule.
OCB Rules § 1-02(g) (emphasis added). (Pet. ¶¶ 62-63) Although a post—expiration-of-contract decertification petition can theoretically be filed under OCB Rules § 1-02(g) pursuant to its "unusual and extraordinary circumstances" exception, PERB has not been able to find that Respondents have ever permitted such a petition in the 57 years that the rule has been in effect. (Id. ¶¶ 68-69)
This proceeding stems from an implementation petition that EPBA filed with PERB on August 23, 2022. (Id. ¶ 72) EPBA had previously sought to decertify the Law Enforcement Employees Benevolent Association ("LEEBA") as the exclusive bargaining representative for Environmental Police Officers ("EPOs") employed by the City's Department of Environmental Protection. (Id. ¶ 74) The EPBA decertification petition that is the subject of this proceeding was [*4]filed with Respondents on May 19, 2022. (Id. ¶ 102) The petition noted that the EPOs had been without either a contract or decertification window period under OCB Rules § 1-02(g) in over five years and that such a window period would never open if LEEBA failed to negotiate a new contract for the EPOs. (Id. ¶¶ 108-09) Nevertheless, by letter dated June 29, 2022, OCB's Director of Representation dismissed EPBA's decertification petition as untimely under OCB Rules § 1-02(g) because the relevant labor contract had expired. (Id. ¶ 111) EPBA did not, as permitted under the OCB Rules, appeal OCB's dismissal letter to BOC. (Id. ¶ 115)
EPBA thereafter filed its implementation petition with PERB. (Id. ¶ 116) In its petition, EPBA argued that Respondents' dismissal of EPBA's decertification petition was "incorrect as a matter of law" because OCB Rules § 1-02(g) "is not substantially equivalent to PERB provisions and procedures" because § 1-02(g) does not permit post—expiration-of-contract decertification. (Id. ¶¶ 118, 121)
Upon receipt of EPBA's petition, PERB delegated its Office of Counsel to conduct an investigation. (Id. ¶ 125) On November 18, 2022, OCB moved to dismiss EPBA's petition on multiple grounds, including standing. (See id. ¶¶ 144-77) EPBA responded to the motion on December 9, 2022. (See id. ¶¶ 178-94) PERB's Office of Counsel subsequently issued a report rejecting OCB's arguments for dismissal and recommending that PERB find that Respondents are not implementing OCB Rules § 1-02(g) in a manner substantially equivalent to the Taylor Law, that PERB notify Respondents of the report's findings by letter and provide them with an opportunity to modify their practices, and that PERB file for a declaratory judgment if Respondents choose not to modify their practices. (See id. ¶¶ 195-257) PERB accepted the recommendations made in the report. (Id. ¶ 258)
On May 25, 2023, PERB's Office of Counsel sent a letter to Respondents communicating PERB's findings, providing Respondents with an opportunity to modify its practices, and informing Respondents that, if they choose not to do so, PERB would file for a declaratory judgment. (Id. ¶ 260) On August 9, 2023, OCB informed PERB that it would not modify its practices or OCB Rules § 1-02(g). (Id. ¶ 261)
II. Discussion
A. Respondents' Motion to Dismiss
Respondents move, pursuant to CPLR Rule 3211(a)(5) and § 7804, to dismiss the Verified Petition on the grounds that it was untimely filed under the statute of limitations applicable to actions seeking a declaratory judgment pursuant to CPLR § 3001 as well as to actions seeking an order pursuant to Article 78. (Notice of Mot., dated Nov. 17, 2023 (NYSCEF Doc. 18); Resp'ts' Mem. of Law in Supp. of Mot. to Dismiss, dated Nov. 17, 2023 ("Resp'ts' Mem.") (NYSCEF Doc. 19)) The motion presents a number of issues, including some that are issues of apparent first impression:
(1) whether PERB's claim, pursuant to Taylor Law § 212.2, that Respondents are not implementing the NYCCBL in a manner substantially equivalent to the Taylor Law is subject to any statute of limitations;
(2) if it is subject to a statute of limitations, whether PERB's claim accrued when OCB Rules § 1-02(g) was enacted or at another subsequent point in time;
(3) whether PERB's claim can be maintained as declaratory-judgment action or should be maintained solely under Article 78; and
(4) depending on which statute of limitations applies to PERB's claim, whether PERB timely commenced this action.
The Court addresses each of these issues, and more, below.
i. PERB's Theory of the Case
As an initial matter, it is critical to understand the theory underlying PERB's claim in this action.
Contrary to Respondents' contention, PERB is challenging Respondents' continuing implementation of OCB Rules § 1-02(g), not that rule's facial validity. The Verified Petition makes this plain. In the second paragraph of the Verified Petition, PERB alleges in no uncertain terms that it "seeks a declaratory judgment that [Respondents] are not implementing local law substantially equivalent to the Taylor Law." (Pet. ¶ 2) PERB then recites, across pages of the Verified Petition, facts demonstrating, in PERB's view, that Respondents have not been applying OCB Rules § 1-02(g) in a manner allowing for post—expiration-of-contract decertification, as allegedly required under the Taylor Law. Specifically, PERB alleges that OCB Rules § 1-02(g) contains an exception to its bar on post—expiration-of-contract decertification petitions for "unusual or extraordinary circumstances," but Respondents have never allowed a post—expiration-of-contract decertification petition pursuant to that exception and have allegedly expressed their intent directly to PERB not to change their practices. (Id. ¶¶ 68-70, 232) Later, in the Verified Petition's first cause of action, PERB alleges that "Respondents' implementation of the NYCCBL . . . is not substantially equivalent to the Taylor Law." (Id. ¶ 271)
PERB's unambiguous theory of this case is, therefore, that Respondents are implementing OCB Rules § 1-02(g), through an ongoing pattern and practice, in a manner that is not substantially equivalent to the Taylor Law, not that OCB Rules § 1-02(g) is facially inequivalent to the Taylor Law.[FN1]

ii. PERB's Continuing-Implementation Claim Under Taylor Law § 212.2
1. Such a Claim Does Not Accrue Upon Enactment of the Local Rule or Regulation and Is a Continuing Violation Not Subject to a Statute of Limitations
Respondents' position is that PERB's claim, regardless of its merits, accrued for statute-of-limitations purposes nearly 57 years ago in 1968, when OCB Rules § 1-02(g) was first enacted. As Respondents contend, "where [a] petition challenges an agency's quasi-legislative function, such as the issuance of regulations or decisions/opinions, New York courts have consistently held the accrual date to be the date of such promulgation or issuance rather than the date the individual petitioner was aggrieved by such regulation or opinion's application." Brennan Ctr. for Justice at NYU Sch. of Law v. N.Y.S. Bd. of Elections, 52 Misc 3d 246, 258 (NY Sup. Ct. Albany Cty. 2016) (citation omitted).
PERB disagrees. Not with the existence of the principle just stated but with its applicability here. PERB argues that, through Taylor Law § 212.2, the Legislature delegated to PERB the responsibility "to determine when and if Respondents' continuing implementation [of the NYCCBL] is to be addressed by the courts" for substantial equivalence via a declaratory-judgment action. (Pet'r's Mem. of Law in Opp. to Mots. to Dismiss, dated Dec. 20, 2023 ("Pet'r's Mem.") (NYSCEF Doc. 48), at 8) There is no express statute of limitations found in Taylor Law § 212.2 and none should be imputed thereto, PERB contends, because a challenge to [*5]Respondents' continuing implementation of the NYCCBL for lack of substantial equivalence with the Taylor Law "seeks only to impact behavior prospectively [and] does not seek any retroactive remedy." (Id. at 12) In other words, Respondents' continuing failure to implement the NYCCBL in a manner substantially equivalent to the Taylor Law is a continuing violation to which no statute of limitations can or should apply.
PERB's position is the correct one. Because the issue of whether a statute of limitations applies to Taylor Law § 212.2 is one of statutory interpretation, the Court "turn[s] first to the plain language of the statute as the best evidence of legislative intent." Malta Town Centre I, Ltd. v. Town of Malta Bd. of Assessment Review, 3 NY3d 563, 568 (2004); Belmonte v. Snashall, 2 NY3d 560, 566 (2004) (engaging in a "plain language reading" of the statute in question). It is the "accepted rule that all parts of a statute are intended to be given effect and that a statutory construction which renders one part meaningless should be avoided." Artibee v. Home Place Corp., 28 NY3d 739, 749 (2017) (internal quotation marks and citations omitted). Here, based on the plain language of Taylor Law § 212.2, the Legislature clearly intended that PERB be responsible for determining when to commence a declaratory-judgment action to settle a question of whether Respondents' continuing implementation of the NYCCBL is substantially equivalent to the Taylor Law. PERB's authority to commence such an action to challenge not only the facial validity of a rule but Respondents' "continuing implementation" thereof evinces the Legislature's intent to vest PERB with a durable, lasting authority that could conceivably extend perpetually into the future. So long as Respondents are implementing the NYCCBL through the promulgation and application of rules and regulations, it will be PERB's responsibility and authority to determine whether to challenge Respondents in court for a perceived failure to do so in a manner substantially equivalent to the Taylor Law. The necessary corrolary to this conclusion is that the Legislature did not intend for a claim challenging Respondents' continuing implementation of their rules to accrue upon their promulgation.
The plain language of Taylor Law § 212.2 also evinces the Legislature's intent that no statute of limitations should apply to a challenge to Respondents' continuing implementation of their rules. "Continuing implementation" evokes an ongoing violation, one that will continue into the future unless and until stopped. If PERB believes that Respondents are currently not implementing OCB Rules § 1-02(g) in a manner substantially equivalent to the Taylor Law—as PERB alleges here—and Respondents have committed to not changing their practices—as PERB also alleges here—then Respondents' potential violation of the Taylor Law continues every day thereafter, accruing PERB's claim anew. Of course, the only entity authorized under Taylor Law § 212.2 to officially declare that Respondents' continuing implementation of their rules is not substantially equivalent to the Taylor Law is the Court, upon PERB's request. If the Court ultimately declares that the continuing implementation in question lacks of substantial equivalence to the Taylor Law, that means inherently that Respondents were in violation of the Taylor Law through at least the date of the Court's order. A claim that Respondents' continuing implementation of the NYCCBL is not substantially equivalent to the Taylor Law is, therefore, a textbook example of a continuing violation to which the same-named doctrine should apply to except it from any statute of limitations.
Under Respondents' contrary view of the law, PERB could only ever challenge the continuing implementation of Respondents' rules or regulations if the practice giving rise to the claim just so happened to begin or properly come to PERB's attention within, at most, six years of the promulgation of the relevant rule or regulation. See CPLR § 213(1) (six-year statute of [*6]limitations applies to "an action for which no limitation is specifically prescribed by law"). If Respondents commenced a divergent practice six years and one day later, PERB would be left remediless, its statutory function to ensure uniform compliance with the Taylor Law frustrated. Respondents' approach effectively writes the "continuing implementation" language out of the statute entirely, thereby violating New York's well-established canons of statutory construction, or improperly amends the relevant language to read "or the continuing implementation thereof within six years of their enactment."
Respondents' mistake is their focus on the promulgation of their own rules and not the substance and meaning of Taylor Law § 212.2. PERB's authority to bring a declaratory-judgment action to determine whether Respondents' continuing implementation of the NYCCBL is invalid because not substantially equivalent, and the Court's authority to hear and decide the action, derive from § 212.2. The Court, therefore, cannot ignore the Legislature's intent as expressed in that section itself.
Respondents' focus on the promulgation of OCB Rules § 1-02(g) is also why the caselaw upon which they rely is inapposite. To be sure, each cited case stands for the proposition that a challenge to an administrative agency's quasi-legislative act accrues upon promulgation of the challenged rule or regulation. But PERB is not challenging the validity of OCB Rules § 1-02(g) as promulgated.
A number of Respondents' cited cases also reject the notion that a petitioner can effectively avoid the application of a statute of limitations by claiming that an agency's rule or regulation causes a continuing harm or violation through its implementation. See, e.g., Fed'n of Mental Health Ctrs., Inc. v. DeBuono, 275 AD2d 557, 560 (3d Dep't 2000) ("To allow an alleged continuing harm which flows from a fully completed, separate, discrete act to infinitely extend the Statute of Limitations, as petitioner seeks here, would vitiate the purpose underlying the limitations period, especially here where the delivery of vital government services is at issue."); Brennan Ctr. for Justice at NYU Sch. of Law, 52 Misc 3d at 258-59. None of these cases involve, however, a state-level authorizing statute, like the Taylor Law, that invests the responsible state agency with the power and obligation to evaluate Respondents' continuing implementation of their rules and regulations for compliance with the state-level statute and to challenge that implementation in court if the determination is made that the implementation may be noncompliant. In other words, the Taylor Law, unlike the laws at issue in the cases upon which Respondents rely, specifically contemplates and authorizes PERB to commence a declaratory-judgment action based on "continuing implementation." Nor do Respondents' cited cases involve a claim like the one that PERB is making here—i.e., that a local municipal agency is applying its rule, as part of an ongoing pattern and practice, in a manner that effectively negates part of the rule, in turn rendering that practice violative of a state law.
In short, these circumstances are unique. No party has identified a direct analog, likely because none exists. As such, PERB's ability to bring a declaratory-judgment action based on a continuing-implementation violation of the Taylor Law should not—at least under the facts of this case—be subject to a rule otherwise applicable to routine challenges to final, quasi-legislative agency action.
2. If a Statute of Limitations Applies to Such a Claim, It Would Accrue Only After PERB's Investigation Is Complete and the Implementation Unchanged
Alternatively, if a statute of limitations does apply to PERB's declaratory-judgment action based on a continuing-implementation violation, but it does not accrue upon promulgation [*7]of Respondents' rules, the question of its accrual point still remains. All parties appear to agree that this question should be answered based on when PERB "knew or should have known" of the circumstances giving rise to its claim. (Pet'r's Mem. at 16 (quoting Mahinda v. City of NY, 91 AD3d 564, 565 (1st Dep't 2012)); see also Reply Mem. of Law in Supp. of Resp'ts' Mot. to Dismiss, dated Jan. 19, 2024 ("Reply Mem.") (NYSCEF Doc. 56), at 10-12) Respondents, however, bear the burden of demonstrating accrual. See, e.g., Vadell v. City of NY Health & Hosps. Corp., 233 AD2d 224, 225 (1st Dep't 1996) (holding it is respondent's burden to establish notice necessary for accrual of Article 78 claim); Schroeter v. Paley, 203 AD2d 551, 552 (2d Dep't 1994) ("The defendants met their burden of showing that the plaintiffs' cause of action accrued more than 2½ years before the interposition of the cause of action.").
Respondents argue that PERB's claim accrued at a number of points after the promulgation of OCB Rules § 1-02(g), when Respondents' questioned practice allegedly became clear from their decisions.
PERB, on the other hand, argues that its claim accrued on August 9, 2023, when, after the conclusion of PERB's investigation into the matter, Respondents allegedly informed PERB by telephone that they would not alter their practices as PERB requested. According to PERB, this is the first point in time when it had actual notice that "Respondents['] continuing (that is, future) implementation of the NYCCBL will not be in a manner substantially equivalent to the Taylor Law." (Pet'r's Mem. at 17)
The Court again agrees with PERB. Respondents' position that their decisions alone put PERB on notice of their practices presumes that PERB was under an obligation to review each and every one of Respondents' decisions as they became publicly available to determine whether they demonstrate a practice contrary to the Taylor Law. Respondents have not established why, as a matter of law, PERB should bear such an obligation. To the contrary, Respondents repeatedly point to the latitude and independence that they are afforded under the Taylor Law. Indeed, as a consequence of Respondents' special status, their rules and regulations are presumed to be valid as substantially equivalent to the Taylor Law unless and until declared otherwise by a court. But Respondents nevertheless assert a position that would see PERB sit functionally as a monitor constantly reviewing Respondents' every pronouncement for evidence of noncompliance with the Taylor Law.
Such a role for PERB does not appear in the express language of Taylor Law § 212.2. There, the Legislature only articulated PERB's authority to challenge Respondents' continuing implementation of its rules and regulations in court. It did not set forth any procedure that PERB had to follow with respect to how it was to determine that a continuing implementation might be noncompliant.
The Legislature's silence suggests that it was leaving these matters to PERB to determine through the exercise of its special expertise while implementing the statute. See Juarez v. N.Y.S. Office of Victim Servs., 36 NY3d 485, 493-94 (2021) (holding that statutory silence as to meaning of term in statute gave agency charged with implementing it authority to determine the term's scope). PERB's interpretation of Taylor Law § 212.2, insofar as it concerns PERB's own responsibilities and the procedures that it must follow, is evident from the Verified Petition's allegations. As reflected therein, PERB interprets § 212.2 to permit it to await notice, through petition or some other form of communication, from a third party that Respondents' continuing implementation of their rules may be noncompliant with the Taylor Law before commencing an investigation. (See Pet'r's Mem. at 13 ("In the past, PERB investigations of Respondents for [*8]substantial equivalence were extremely rare because PERB believed that it had no obligation to conduct an investigation unless and until a party raised a concern with PERB.")) That investigation, at least in these circumstances, looks at Respondents' practices to determine whether they are substantially equivalent to the Taylor Law. If the investigation concludes that they are not, PERB may ask Respondents to alter their practices to bring them into compliance. Upon Respondents' refusal to do so, PERB has notice that Respondents' practices will remain potentially noncompliant with the Taylor Law in the future, requiring the filing of a declaratory-judgment action to reach an official, binding determination.
This is the procedure that PERB has codified in § 203.8 of its Rules. As previously discussed, that section, entitled "Procedures for the review of implementation of local government procedures under section 212 of the act," allows any person to file a "petition to review the question of whether provisions and procedures of a local government are being implemented in a manner substantially equivalent to the provisions and procedures set forth in" the Taylor Law and the PERB Rules. PERB Rules § 203.8(b). PERB must then conduct an investigation into the matters raised by the petition and may, as part of that investigation, hold a hearing or accept affidavits. Id. § 203.8(f). Upon completion of its investigation, or "after receipt of a report and recommendation from its agent and of the record of proceedings of any hearing which may have been held," PERB "shall decide the issues and make such disposition of the matter as it deems appropriate." Id. § 203.8(g).
Respondents contend that PERB Rules § 203.8 does not apply to them because the rule relates solely to review of the continuing implementation of other mini-PERB's rules or regulations that have already been pre-approved by PERB pursuant to Taylor Law § 212.1. (Resp'ts' Mem. at 18 & 18 n.17) Respondents made the same arguments before PERB, but PERB rejected them, finding, for a number of reasons, that PERB Rules § 203.8 (with the exception of subsection (a) thereof) did in fact apply to Respondents' continuing implementation of its rules and procedures under Taylor Law § 212.2. (Pet. ¶¶ 201-12)
Because PERB is the agency expressly vested with the authority to implement the Taylor Law, its interpretations of that statute and of its own implementing rules are due significant deference. Mantilla v. N.Y.C. Dep't of Hous. Pres. & Dev., 230 AD3d 1006, 1008 (1st Dep't 2024) ("[A court] must defer to the administrative agency's rational interpretation of its own regulations in its area of expertise."); Newark Valley Cent. Sch. Dist. v. Pub. Emp't Relations Bd., 83 NY2d 315, 320 (1994) ("We accord deference to PERB, as the agency charged with implementing the Taylor Law . . . , as to matters falling within the agency's special competence developed in administering the statute."); City Sch. Dist. of Elmira v. N.Y.S. Pub. Emp't Relations Bd., 144 AD2d 35, 37-38 (1st Dep't 1988) ("Although interpretations by PERB of the Taylor Law . . . are accorded judicial deference, such deference does not apply to PERB's interpretation of other laws." (internal citations omitted)); see also Saratoga Econ. Dev. Corp. v. Auths. Budget Office, 222 AD3d 1072, 1074 (3d Dep't 2023) ("[C]ourts defer to an agency's statutory interpretation where the general statutory language and legislative history indicate that the Legislature intended to adopt a broad policy approach to the subject matter of the statute, delegating to the administrative agency comprehensive, interpretive and subordinate policy-making authority, interstitially to 'fill in the blanks' consistently with the over-all policy of the statute, either by administrative rule making or case-by-case decisions." (internal quotation marks and citations omitted)); Chin v. N.Y.C. Bd. of Standards & Appeals, 97 AD3d 485, 487 (1st Dep't 2012) ("Although the correct interpretation of a statute is ordinarily an issue of law for [*9]the courts to decide, where the statutory language suffers from some fundamental ambiguity, courts should defer to the interpretation of the agency charged with administering the statute." (citations omitted)).[FN2]

PERB's interpretation of Taylor Law § 212.2 is not unreasonable given the hands-off approach that the Legislature took toward Respondents and their rules in the Taylor Law. To that point, PERB argues that "[s]uch frequent and regular monitoring" as Respondents suggest is required of PERB "would clearly run counter to the spirit of Taylor Law § 212.2." (Pet'r's Mem. at 14) This Court agrees.
Furthermore, PERB's interpretation of § 203.8 of its own rules is not unreasonable. That section makes no express distinction between Respondents' continuing implementation of its rules and regulations and other mini-PERBs' continuing implementation of their rules and regulations, and indeed that section's title suggests that it applies to all of Taylor Law § 212. Nor, as PERB determined below, would an exclusion for Respondents' continuing implementation make any sense, because such an exclusion would leave the review process envisioned under § 212.2 without any detailed rules governing it, while providing such rules for review of other mini-PERBs' continuing implementation. Nor does the fact that subsection (g) provides for PERB to make a "determination" suggest that the review procedures set forth in § 203.8 are inapplicable to Respondents. In substance, subsection (g) provides only that PERB "shall decide the issues and make such disposition as it deems appropriate." PERB Rules § 203.8(g). Deciding that Respondents' continuing implementation of its rules may not be significantly equivalent to the Taylor Law and that an action seeking a declaration to that effect is necessary fits comfortably within subsection (g)'s mandate.
These conclusions as to PERB's obligations and procedures under Taylor Law § 212.2 help establish when it should have known that Respondents' continuing implementation would not be substantially equivalent to the Taylor Law. And the answer is, after PERB completed its investigation, requested that Respondents bring their practices into compliance, and was told by telephone that its request was refused.[FN3]
 Here, based on PERB's allegations in the Verified Petition, that date was August 9, 2023.
3. If a Statute of Limitations Applies to Such a Claim, It Would Be Six Years
Pursuant to CPLR § 213(1), a six-year statute of limitations ordinarily applies to a declaratory-judgment action brought under CPLR § 3001, without any separate accompanying cause of action subject to a shorter statute of limitations, because § 3001 does not itself prescribe a limitations period. For the reasons discussed in the following section, assuming arguendo that [*10]a statute of limitations applies to PERB's continuing-implementation claim in this action, § 213(1)'s six-year statute of limitations applies to the Verified Petition's first cause of action for a declaratory judgment, despite that the Verified Petition also pleads a second cause of action pursuant to Article 78.
Because PERB's first cause of action for a declaratory judgment accrued—if there was an accrual date—on August 9, 2023, and PERB commenced this action by filing the Verified Petition on September 12, 2023, PERB's first cause of action is timely under the CPLR § 213(1)'s six-year statute of limitations.
iii. PERB's Article 78 Claim
To this point in its decision, the Court has discussed only PERB's declaratory-judgment cause of action. This was purposeful, for a number of reasons. First, Taylor Law 212.2 only expressly authorizes PERB to commence a declaratory-judgment action to determine whether Respondents' continuing implementation of its rules are substantially equivalent to the Taylor Law. While this is not necessarily an absolute bar to PERB's ability to bring a cause of action under Article 78 in the right circumstances and for the right relief, the Court's analysis suggests that there may be reasons why the Legislature provided only for a declaratory-judgment action in Taylor Law § 212.2.
Second, as Respondents correctly contend, when a declaratory-judgment cause of action pursuant to CPLR § 3001 is paired with one or more causes of action to which a shorter limitations period applies, a court may not automatically apply CPLR § 213(1)'s six-year statute of limitations to the declaratory-judgment cause of action. Instead, "to determine whether there is in fact a limitation prescribed by law for a particular declaratory judgment action it is necessary to examine the substance of that action to identify the relationship out of which the claim arises and the relief sought." Solnick v. Whalen, 49 NY2d 224, 229 (1980). "If that examination reveals that the rights of the parties sought to be stabilized in the action for declaratory relief are, or have been, open to resolution through a form of proceeding for which a specific limitation period is statutorily provided, then that period limits the time for commencement of the declaratory judgment action." Id. at 229-30. "If no other form of proceeding exists for the resolution of the claims tendered in the declaratory judgment action," however, "the six-year limitation of CPLR 213 (subd.1 ) will then be applicable." Id. at 230. Courts have routinely applied this rule to find declaratory-judgment actions untimely when the relief they sought was available by way of an Article 78 proceeding. See, e.g., Gress v. Brown, 20 NY3d 957 (2012); N.Y.C. Health & Hosps. Corp. v. McBarnette, 84 NY2d 194 (1994); Solnick, 49 NY2d 224; Rosenthal v. City of NY, 283 AD2d 156 (1st Dep't 2001); 1630 N. Highway Southampton Corp. v. Town of Southampton, No. 06-27444, 2013 WL 1873254 (NY Sup. Ct. Suffolk Cty. 2013).
Respondents argue for the same outcome here. But application of Article 78's four-month statute of limitations (or the even shorter 30-day statute of limitations that Respondents argue is applicable under NYCCBL § 12-308(a)) to PERB's declaratory-judgment cause of action is not required here because the relief that PERB seeks is not available in an Article 78 proceeding. PERB's position here is explicitly that neither the text of OCB Rules § 1-02(g) is facially invalid nor anything in Respondents' decisions applying that rule expressly "indicat[e] that in practice [Respondents] would disregard [the rule's] provisions and never allow for post-expiration of contract decertification of a functioning union." (Pet'r's Mem. at 5 (emphasis in original)) In other words, PERB is not challenging a discrete action taken by Respondents in the past, such as [*11]a specific decision Respondents rendered, but is instead challenging Respondents' ongoing pattern and practice of interpreting and applying the "unusual or extraordinary circumstances" exception in OCB Rules § 1-02(g). Indeed, the underlying premise of several PERB's arguments on this motion is that none of Respondents' decisions gave PERB requisite notice of Respondents' practices allegedly contrary to the Taylor Law.
PERB is also crystal clear that it seeks to affect Respondents' future conduct, not the reversal of a specific decision or rule. (Pet'r's Mem. at 6 ("Taylor Law § 212.2 addresses continuing, not past, implementation."), 7 ("[Taylor Law § 212.2 provides] [n]o remedy for past lack of substantial equivalence."), 12 ("[H]ere, PERB seeks relief related to the failure to abide by a statutory obligation, seeks only to impact behavior prospectively, does not seek any retroactive remedy, and a declaratory ruling on substantial equivalence cannot be ordered through Article 78."), 17 (The events giving rise to a Taylor Law § 212.2 claim is that Respondents continuing (that is, future) implementation of the NYCCBL will not be in a manner substantially equivalent to the Taylor Law."), 28 ("This suit seeking to require Respondents to abide by their own pronouncements and begin, and then continue, to implement the NYCCBL in a manner substantially equivalent to the Taylor Law is timely."))
Because PERB is challenging an overall pattern and practice of Respondents and seeking to have Respondents conform their future conduct to the requirements of the Taylor Law, an Article 78 proceeding is an inappropriate vehicle for resolution of PERB's claims.[FN4]
 Two cases in particular demonstrate why this is so. In Saunders v. City of New York,[FN5]
 an official of a labor organization that represented the City's clerical employees sought "a declaration that the City's policy of assigning Work Experience Program ("WEP") participants to perform tasks in [the City's] municipal agencies violates Social Services Law § 336-c(2)(e)." 283 AD2d 166, 167 (1st Dep't 2001). More specifically, the plaintiff argued that "he is challenging the continuing and ever-growing manner in which the City uses WEP workers to perform the jobs of union members." Id. The City, however, argued that Article 78's four-month statute of limitations barred the action, except as to any challenges to specific assignments of specific WEP workers during the four-month period prior to the commencement of the action. Id. The trial court "rejected this argument, reasoning that plaintiff is not challenging 'a discrete government act or determination' but rather a 'continuing government policy,' such that a declaratory judgment action, not an article 78 proceeding, is the appropriate vehicle for relief." Id. The First Department reversed, holding that "[b]ecause plaintiff is challenging not the 'non-displacement' statute itself but the propriety of proceedings taken under the statute, an article 78 proceeding is the proper vehicle." Id. (citations omitted) Rather than finding that the plaintiff was challenging an ongoing, overarching policy, the First Department found that the plaintiff's claims actually "emanate . . . from the alleged displacement of union employees," and that "[w]hether each employment determination that adversely affected a City clerical employee violated Social Services Law § 336-c(2)(e) can be determined by examining each individual case." Id. (citation omitted) Critically, "even if [the City's] actions constituted an ongoing illegal practice or policy, [*12]the success of any one plaintiff would result in an across-the-board change in policy, pursuant to the rule that the government will abide by court rulings in future cases involving similarly situated petitioners, under principles of stare decisis." Id. at 167-68 (internal quotation marks and citation omitted).
In Town of Huntington v. County of Suffolk, a case that PERB itself relies upon, the Town of Huntington sought a declaratory judgment that the County of Suffolk was obligated by statute to maintain and improve County roads and an injunction requiring the County to do so. 79 AD3d 207, 211 (2d Dep't 2010), leave denied 17 NY3d 778 (2011). The Second Department noted that the "complaint seeks a statutory interpretation, alleging a continuing wrong and the need for an injunction, that is, the County's purported failure to fulfill its statutory duty." Id. at 216. In denying the County's argument that Article 78's four-month statue of limitations applied, the Second Department relied on the fact that, "as clearly set forth in the complaint, [the issue] constitutes a claim for declaratory and injunctive relief governing future conduct by the County" and that "the Town is not seeking damages for past conduct by the County, or for the reimbursement of the expenses previously incurred by the Town in its maintenance and repairs of the roads at issue." Id. (citation omitted). "As such, that relief cannot be afforded under CPLR article 78, and its limitations period is inapplicable." Id.
Unlike in Saunders, PERB is challenging an overarching practice or policy allegedly not reflected in any specific decision issued by Respondents. Its claim, therefore, is not appropriate for an Article 78 proceeding, which concern challenges to discrete government actions. Additionally, like in Town of Huntington, PERB is seeking to modify Respondents' future conduct by challenging its ongoing failure to be substantially equivalent to the Taylor Law in its implementation of OCB Rules § 1-02(g). Thus, for this reason as well, PERB's claim is not appropriate for an Article 78 proceeding.
It is within the Court's discretion whether to convert a declaratory-judgment cause of action to a special proceeding under Article 78. CPLR § 103(c); Dolce-Richard v. N.Y.C. Health & Hosps. Corp., 149 AD3d 903, 904 (2d Dep't 2017). The mere existence of other adequate remedies does not, however, require conversion where a genuine controversy exists requiring judicial determination. County of Monroe v. Clough Harbor & Assocs., LLP, 154 AD3d 1281, 1282 (4th Dep't 2017) (quoting Morgenthau v. Erlbaum, 59 NY2d 143, 148 (1983)). The Court concludes that PERB's declaratory-judgment cause of action should not be converted to an Article 78 proceeding because: (a) for the reasons just discussed, the allegations and relief sought are not appropriately maintained in an Article 78 proceeding; and (b) the Legislature has specifically authorized PERB to commence and maintain a declaratory-judgment action to resolve the very continuing-implementation claims that PERB asserts here under Taylor Law § 212.2. If the Court were to convert PERB's declaratory-judgment cause of action, it would be subverting the Legislature's clear intent that disputes concerning Respondents' continuing implementation of its rules be resolved through that mechanism.
There are consequences to this approach, however. Now PERB's second pleaded cause of action pursuant to Article 78[FN6]
 is left dangling and subject either to the four-month statute of [*13]limitations prescribed under CPLR § 217(1) or the 30-day statute of limitations prescribed under NYCCBL § 12-308(a). Under either limitations period, this cause of action must be dismissed as untimely.
An Article 78 proceeding must relate to a discrete government action or nonaction, but, again, PERB does not directly challenge any of Respondents' specific decisions as improper. Besides demonstrating that PERB's claim is inappropriate for an Article 78 proceeding, this fact also forces the Court, in order to apply a statute of limitations, to essentially guess at which discrete action of Respondents' that PERB might, theoretically, be challenging. The most recent decision that PERB addresses in its Verified Petition is the June 29, 2022 dismissal letter from OCB's Director of Representation that led to EPBA's filing of the implementation petition that, in turn, led to PERB's investigation underlying this action. As this action was commenced on September 12, 2023, if the June 29, 2022 letter is the challenged decision, then the Article 78 cause of action is untimely. To the extent that PERB seeks, as part of the Court ordering Respondents to become substantially equivalent, the relief of ordering Respondents to amend OCB Rules § 1-02(g), that relief might be construed as a direct challenge to the rule—something that PERB repeatedly disavows in its other filings. Of course, challenging the rule facially would only start the clock on the statute of limitations running on the date of the rule's promulgation, which is more than half a decade ago. Needless to say, that challenge would be extremely untimely. Finally, even if the alleged August 9, 2023 telephone call from Respondents refusing to modify their practices is considered, it would not support the timeliness of the Article 78 cause of action. This is because PERB itself construes that communication as merely an indication of Respondents' future intent to be noncompliant, not as an official, discrete act that should or can be evaluated for its propriety or impropriety under the Article 78 rubric and reversed.
The Court is sympathetic to PERB's concern that a mere declaration that Respondents' continuing implementation of OCB Rules § 1-02(g), without an accompanying order requiring Respondents to modify their practices until an amended rule can be enacted, may not finally resolve the matter and may lead to additional litigation. But that possibility does not relieve the Court of its obligation to determine whether the Article 78 cause of action can be maintained legally based on the facts pleaded, the relief sought, and the well-established principles of review under Solnick and Article 78.
iv. Conclusion
In conclusion, PERB's first cause of action seeking a declaration pursuant to CPLR § 3001 is not converted to a cause of action pursuant to Article 78. No statue of limitations applies to the first cause of action because it alleges a continuing violation of Respondents' statutory duty to implement its rules in a manner substantially equivalent to the Taylor Law. Alternatively, if a statute of limitation should apply to the declaratory-judgment cause of action, the claim accrues for limitations purposes on the date after PERB completes its investigation and receives confirmation that Respondents will not modify their practices, and the applicable statute of limitations is six years, pursuant to CPLR § 213(1). PERB's second cause of action, pursuant to Article 78, is, however, untimely under either a four-month statute of limitations, pursuant to CPLR § 217(1), or a 30-day statute of limitations, pursuant to NYCCBL § 12-308(a). That cause of action must, as a result, be severed and dismissed.
Respondents' motion to dismiss is, therefore, DENIED as to the Verified Petition's first cause of action and GRANTED as to the Verified Petition's second cause of action. [*14]Additionally, because Part 16's mandate is to adjudicate special proceedings only, upon the dismissal of the Article 78 cause of action, the Verified Petition must be converted to a Verified Complaint, the proceeding must be converted to an action, and the action must be assigned to another Part for further proceedings.
B. Motions to Intervene and Proposed Motions to Dismiss
MLC, DC37, Local 237, and MMP (together, the "Proposed Intervenors") each move, pursuant to CPLR §§ 1012(a)(2), 1013, and 7802(d), to intervene in this proceeding or, alternatively, for leave to appear and file as amicus curiae. For the following reasons, the Court DENIES the motions insofar as they seek intervention.
CPLR § 1012(a)(2) provides for any person's intervention as of right "when the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment." The Proposed Intervenors fail to demonstrate that they satisfy either of these two criteria.
For purposes of CPLR § 1012(a)(2), a person "is or may be bound by the judgment" if they are bound on the basis of res judicata. Vantage Petroleum v. Bd. of Assessment Review of Town of Babylon, 61 NY2d 695, 698 (1984); Harkenrider v. Hochul, 207 AD3d 1255, 1256 (4th Dep't 2022). The Proposed Intervenors have not even attempted to demonstrate how or why they would be bound by any judgment entered in this action on the basis of res judicata. And they could not be so bound. This action seeks only a determination that Respondents have not been applying their OCB Rules § 1-02(g) in a manner substantially equivalent to the Taylor Law. This is a legal decision for the Court to make based on interpretations of the Taylor Law, the PERB Rules, the OCB Rules, and the facts underlying how Respondents have been applying OCB Rules § 1-02(g) in their decisions. Only Respondents have the legal obligation to implement NYCCBL in a manner substantially equivalent to the Taylor Law, and thus only the particular parties to this action will be bound for res judicata purposes by a judgment as to the substantial equivalence of Respondents' rules to the Taylor Law. The Proposed Intervenors do not even address the necessary elements of res judicata, such as explaining how they may be in privity with any of the parties or could ever be involved in a suit with one of the parties where the substantial equivalence of OCB Rules § 1-02(g) is at issue, such that the Proposed Intervenors could assert issue preclusion. Rojas v. Romanoff, 186 AD3d 103, 107-09 (1st Dep't 2020) (explaining that "'res judicata' is an umbrella term encompassing both claim preclusion and issue preclusion, which are described as two separate aspects of an overarching doctrine"). Instead, the Proposed Intervenors argue only that they would be affected by the outcome of this action because a change to Respondents' current practice and/or rules would affect the Proposed Intervenors' members' rights under the modified practice and/or rules, which would apply to the Proposed Intervenors and their members. Of course this is true, but that kind of interest is simply not enough to warrant intervention as of right under CPLR § 1012(a)(2).
The Proposed Intervenors also have not sufficiently demonstrated that Respondents' representation of the Proposed Intervenors' interests will or may be inadequate. Regardless of any alleged interrelationship between Respondents and the Proposed Intervenors, the Proposed Intervenors have not adequately explained how their interests, insofar as legally relevant, are not or could not be represented adequately by Respondents. This action has little to do with how modification of Respondents' practices or rules would ultimately affect the unions under its jurisdiction. Here the issue is solely a question of whether Respondents' practices and/or rules are substantially equivalent to the Taylor Law. If they are not, then the law says that they must [*15]be, regardless of how unions might be impacted. The Proposed Intervenors fail to identify what, specifically, of legally significance they can add to the relevant conversation that Respondents cannot already bring to the Court's attention.
CPLR § 1013 provides for any person's intervention by permission of the court "when the person's claim or defense and the main action have a common question of law or fact." Here, the Proposed Intervenors do not explain why they would have a defense where it is Respondents' sole obligation to implement the NYCCBL in a manner substantially equivalent to the Taylor Law. The Court cannot imagine a scenario in which the Proposed Intervenors would have a legally relevant defense, because they could not be sued for Respondents' failure to be substantially equivalent to the Taylor Law and would not have standing to assert a lack of substantial equivalence as a plaintiff or petitioner in any suit. Notwithstanding these significant, fundamental deficiencies, the Proposed Intervenors have failed to submit their proposed pleadings, as required under CPLR § 1014. This prevents the Court from even evaluating their potential defenses and is alone grounds for denial of the motions to intervene. U.S. Bank Trust N.A. v. 21647 LLC, 217 AD3d 429, 429 (1st Dep't 2023); Temco Serv. Indus. Inc. v. Liu, 39 Misc 3d 1240(A), at *3-4 (NY Sup. Ct. NY Cty. 2013).
CPLR § 7802(d) provides that a court may allow "other interested persons" to intervene in an Article 78 proceeding. Because the Court has already dismissed PERB's Article 78 cause of action, however, the Proposed Intervenors' request to intervene under § 7802(d) has been rendered moot. There is no longer an Article 78 proceeding for the Proposed Intervenors to intervene in.
Finally, because the Court has now decided Respondents' motion to dismiss and denied the Proposed Intervenors' motions to intervene, the Proposed Intervenors' proposed motions to dismiss must also be denied. The Court has reviewed the proposed memoranda of law submitted in support of the proposed motions and does not find that their consideration would have altered the Court's conclusions on dismissal.
C. Motions for Leave to Appear and File as Amicus Curiae
"Even when intervention is denied, the party seeking to intervene may still be permitted to appear as amicus curiae." Kruger v. Bloomberg, 1 Misc 3d 192, 196 (NY Sup. Ct. NY Cty. 2003). The Proposed Intervenors request permission to appear and file as amicus curiae if their motions to intervene are denied, as they now have been. EPBA and OLR also request permission to appear and file as amicus curiae. PERB does not oppose any of these requests. Therefore, because the requests are unopposed, and because this case concerns a question of public interest, the Proposed Intervenors', EPBA's, and OLR's requests are GRANTED.
The Court has considered the additional contentions of the parties not specifically addressed herein. To the extent that any relief requested by the parties was not addressed by the Court, it is hereby denied.
Accordingly, it is hereby
ORDERED that the Respondents' motion, pursuant to CPLR Rule 3211(a)(5) and § 7804(f), to dismiss PERB's Verified Petition (Seq. No. 3) is DENIED as to the first case of action pursuant to CPLR § 3001 and GRANTED as to the second cause of action pursuant to Article 78; and it is further
ORDERED and ADJUDGED that the Verified Petition's second cause of action pursuant to Article 78 is SEVERED and DISMISSED; and it is further
ORDERED that, because the Verified Petition's second cause of action is now severed [*16]and dismissed, and because the remaining cause of action for a declaratory judgment pursuant to CPLR § 3001 is appropriately maintained as an action, the Verified Petition is, pursuant to CPLR § 103(c), converted to a Verified Complaint, and this action is converted from a special proceeding to an action; and it is further
ORDERED that, upon conversion, PERB's action is be referred to the Clerk of Court for reassignment to another Part whose mandate includes adjudication of actions; and it is further
ORDERED that the Proposed Intervenors' motions to intervene or, alternatively, to appear as amicus curiae (Seq. Nos. 4, 5, and 7) are DENIED insofar as they seek to intervene pursuant to CPLR §§ 1012(a)(2), 1013, and 7802(d) and GRANTED insofar as they seek to appear and file as amicus curiae; and it is further
ORDERED that the Proposed Intervenors' proposed motions to dismiss (Seq. Nos. 6, 8, and 9) are DENIED; and it is further
ORDERED that the Proposed Intervenors' may each file an amicus curiae brief, under the NYSCEF document type "Amicus Curiae Brief," on or before February 21, 2025; and it is further
ORDERED that PERB may submit a response to the Proposed Intervenors' amicus curiae briefs, if any, on or before March 24, 2025; and it is further
ORDERED that EPBA's and OLR's motions for leave to file amicus curiae briefs (Seq. Nos. 2, 10) are GRANTED, and EPBA and OLR shall re-file their proposed amicus briefs (NYSCEF Doc. Nos. 17, 66) to the docket under the NYSCEF document type "Amicus Curiae Brief" on or before January 24, 2025 ; and it is further
ORDERED that PERB may submit a response to EPBA's and OLR's amicus curiae briefs on or before February 21, 2025; and it is further
ORDERED that the PERB shall serve a copy of this Decision and Order upon Respondents, the Proposed Intervenors, EPBA, and OLR, as well as the Clerk of the General Clerk's Office, with notice of entry within twenty (20) days thereof; and it is further
ORDERED that service upon the Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (Revised August 15, 2019);[FN7]
 and it is further
ORDERED that the Clerk shall mark Motion Sequence Nos. 2, 3, 4, 5, 6, 7, 8, 9, and 10 decided in all court records.
This constitutes the decision and order of the Court.
DATE January 21, 2025
SHAHABUDDEEN A. ALLY, A.J.S.C.

Footnotes

Footnote 1:Thus, the question of whether a statute of limitations applies to a facial challenge to Respondents' rules or regulations, and if so, whether the limitations period begins to run upon promulgation of the rule or regulation, is not currently before the Court.

Footnote 2:This is not a case, like those that Respondents cite (see Reply Mem. at 4 n. 3), in which PERB's challenged interpretation is of a law other than the law it was charged by the Legislature with implementing.

Footnote 3:These circumstances are again distinguishable from those cases on which Respondents rely for the proposition that "a request for an administrative agency to reconsider its determination does not revive or extend the statute of limitations" (Resp'ts' Mem. at 19 (citing Brennan Ctr. for Justice at NYU Sch. of Law, 52 Misc 3d at 257)), because here PERB expressly requested that Respondents modify their ongoing practices constituting their continuing implementation of OCB Rules § 1-02(g).

Footnote 4:Although Respondents have not moved to dismiss PERB's Article 78 cause of action on these grounds, this analysis is nevertheless necessary under Solnick and its progeny.

Footnote 5:Rosenthal, 283 AD2d 156, is a related case involving similar claims and a similar outcome.

Footnote 6:Although the bare allegations of the second cause of action do not indicate that it is pleaded pursuant to Article 78, PERB itself states in its opposition brief that the relief sought in the second cause of action is "Article 78 relief." (Pet'r's Mem. at 1 n.2)

Footnote 7:The protocols are available at https://www.nycourts.gov/LegacyPDFS/courts/1jd/supctmanh/Efil-protocol.pdf.